**Ernest Gary JOHNSON, Plaintiff-Appellant,**

v.

**Lloyd PARRISH; Homer Pinnell, d/b/a Pinnell Farm Chemical Co.; Ohio Eastern Express, Inc., Defendants-Appellees.**

No. 86–2656.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1987.

Decided Sept. 4, 1987.

John David Ingle (Lovekin & Ingle, Hickory, N.C., on brief), for plaintiff-appellant.

Walter Thompson Comerford, Jr. (Petree, Stockton & Robinson, Winston-Salem, N.C., on brief), Edwin Glenn Farthing (Tate, Young, Morphis, Bach & Farthing, Hickory, N.C., on brief), for defendants-appellees.

Before WIDENER and HALL, Circuit Judges, and HOFFMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Ernest Gary Johnson, plaintiff in a negligence action arising from a truck accident on the West Virginia Turnpike, appeals an order of the district court setting aside a jury award in his favor. The district court, sitting pursuant to diversity jurisdiction, ruled that the award was excessive and ordered a new trial on the issue of damages. Finding the district court's action to be within the limits of sound discretion, we affirm.

## I.

At approximately 7:00 p.m. on December 6, 1983, Johnson was driving southward on the West Virginia Turnpike in a tractor-trailer owned by his employer, First-McNess Company of Statesville, North Carolina. At a point where the highway narrowed from four lanes to two, he encountered two trucks approaching from the opposite direction. The truck driven by defendant/appellee Lloyd Parrish was in Johnson's lane attempting to pass the other vehicle.

A collision was unavoidable. Johnson's truck struck the left side of Parrish's vehicle causing Johnson to lose control. His vehicle veered across the highway and over the side of a steep embankment. According to Johnson's subsequent trial testimony, his truck travelled several hundred feet down the hillside before coming to halt against the side of a tree. He further testified that after the truck had come to rest, he began to smell smoke from the engine. Fearful that the truck was about to catch fire, Johnson extricated himself from the wreck by kicking open the door. He then climbed to the top of the truck and jumped to a nearby tree. He was subsequently able to climb back up the hillside under his own power.

Once back on the road, Johnson was attended by workers from a nearby tunnel until an ambulance arrived. According to his trial testimony, he was in severe pain at that time. He was eventually transported by ambulance to the Charleston Area Medical Center where he was treated and released after approximately two and one-half hours.

The morning after the accident, Johnson's employer flew to West Virginia to inspect the accident scene. After assisting in that inspection, Johnson flew to Statesville, North Carolina, in the company airplane. Upon arrival, he then drove his pickup truck home to Sparta, North Carolina, a distance of approximately 65 miles.

It is undisputed that during 1984–1985, Johnson consulted a number of doctors

complaining of neck, shoulder and back pain. No surgery was performed, but a variety of remedial measures, including the use of anti-inflammatory medications and heating pads were employed by various physicians. During the time that he was undergoing treatment, Johnson was able to return to work as a full-time employee on February 1, 1984. Although he subsequently testified that he experienced continuous pain that reduced his effectiveness, his income did not diminish and, indeed, his salary increased in 1985.

On August 9, 1984, Johnson filed a civil action in district court alleging negligence by Lloyd Parrish and also asserting that Parrish was acting as the agent of the owner of the truck, Homer Pinnell. The case was eventually tried to a jury on August 25, 1986.

To support his claim for damages, Johnson offered the testimony of three examining physicians, Doctors Mautsby, Brown and DePerczel. All three testified that Johnson had some percentage of permanent partial disability in his neck and left arm. The estimates of partial disability ranged from ten to fifteen percent. Johnson also introduced evidence of actual medical expenses totalling $1,545.00. An effort to introduce expert testimony on the issue of a possible loss of future income was denied by the court, however, because of an inadequate evidentiary foundation.

The jury returned a special verdict finding that Johnson had been injured as a result of the negligence of Lloyd Parrish. The jury further found that Parrish was acting as the agent of Ohio Eastern Express, the lessee of the truck, rather than of Homer Pinnell. Damages were awarded in the amount of $150,000, precisely the amount requested by Johnson.

Ohio Eastern Express subsequently filed a motion for judgment notwithstanding the verdict ("JNOV") and for a new trial. On September 30, 1986, the court denied the motion for JNOV but set aside the jury's award of damages, concluding that the

award was "excessive" and the result of "passion and prejudice" against an out-of-state corporation. The court, therefore, granted a new trial on the issue of damages only. The court also dismissed with prejudice the complaint against Homer Pinnell.

A second jury trial on the issue of damages was held on October 22, 1986. At that time the jury awarded Johnson a total of $45,000. Judgment was entered against defendants Parrish and Ohio Eastern Express. This appeal followed.

## II.

■ The only question in this appeal is whether, as appellant Johnson contends, the trial court erred in setting aside the jury award in the first trial and ordering a new trial on the issue of damages. Appellant concedes that the district court enjoys broad discretion in ruling on new trial motions pursuant to Fed.R.Civ.P. 59. *See e.g. Taylor v. Home Insurance Co.*, 777 F.2d 849 (4th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). Johnson argues, however, that under the West Virginia law applicable in this diversity case, jury damage awards are treated with extreme deference.[1] Appellant thus contends that the district court abused its discretion by failing to examine the allegedly excessive verdict in accordance with the West Virginia standard. We find appellant's argument without merit.

The district court, sitting in North Carolina pursuant to diversity jurisdiction, was clearly required by North Carolina conflict of laws rules to apply the substantive law of West Virginia to Johnson's civil action. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Johnson v. Lamar,* 250 N.C. 731, 110 S.E.2d 323 (1959). Whether the state standard for assessing allegedly excessive verdicts is, in fact, substantive law under the rule of *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is less certain. Proper choices between federal and state law in diversity actions are not subject to a mechanical or

---

1. Appellant relies upon *Addair v. Majestic Petroleum Co., Inc.,* 160 W.V., 105, 232 S.E.2d 821 (1977), in which the West Virginia Supreme Court of Appeals held that a jury verdict should be sustained unless it was "monstrous and enormous."

automatic test. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The applicability of a specific portion of state law is determined in accordance with the twin aims of the *Erie* rule: "discouragement of forum shopping and avoidance of inequitable administration of the laws." *Hanna,* 380 U.S. at 468, 85 S.Ct. at 1142.

We have not, hitherto, specifically addressed the choice of law implications presented by a state standard on excessive verdicts. Other circuits, however, have held that the decision to set aside an excessive verdict and grant a new trial pursuant to Rule 59 is purely a matter of federal law. *See e.g. Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233 (5th Cir. 1985), *Galard v. Johnson,* 504 F.2d 1198 (7th Cir.1974). We find that view persuasive.[2]

We conclude that the process by which a trial court examines the amount of damages awarded by a jury does not implicate the concerns of the *Erie* rule. Variations in the excessive verdict standard are not "bound up with the primary rights and obligations of the parties," *Wratchford v. S.J. Graves & Sons Co.,* 405 F.2d 1061, 1065 (4th Cir.1969), and, thus, are unlikely to promote forum shopping or to impair the equitable operation of the law. It follows, therefore, that the district court did not err in reviewing the jury verdict below in accordance with federal law.

In federal practice, it is the duty of the district judge to set aside an excessive verdict even when such a verdict is supported by substantial evidence "if he is of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." *Aetna Casualty & Surety Co. v. Yeatts,* 122 F.2d 350 (4th Cir.1941). Moreover, the clearly discretionary act embodied in granting a new trial is reviewable only in the "most exceptional circumstances." *Id.* at 354. We can see no "exceptional circumstances" in this case.

Johnson has unquestionably suffered some degree of permanent impairment. Furthermore, he was entitled under West Virginia law to recover for pain and suffering as well as the mental anguish attendant to an apprehension of death. Nevertheless, the district court clearly had a substantial justification for finding the award of $150,000 to be a product of passion and prejudice. Johnson's actual medical expenses have been relatively minimal and his injuries comparatively slight. There was no loss of income shown at the first trial and no competent evidence presented with regard to a diminution of future earning capacity. Although we might disagree with the district court's conclusion, we cannot conclude that it was an abuse of discretion to grant a new trial on the issue of damages. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

**2.** The decision of the United States Supreme Court in *Donovan v. Penn Shipping Co., Inc.,* 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977), is also instructive. In *Donovan,* the Court affirmed the application of the federal rule prohibiting the appeal of an accepted remittitur in diversity cases. In refusing to consider state practices in this area, the Court noted that "[t]he proper role of the trial and appellate courts in the federal system in reviewing the size of jury verdicts is, however, a matter of federal law." 429 U.S. at 649, 97 S.Ct. at 836.