836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lee Dodd MINICK, Plaintiff-Appellee,
v.
BOARD OF TRUSTEES OF PRINCE GEORGE'S COMMUNITY COLLEGE,
Defendant-Appellant,
NAACP Legal Defense and Education Fund, Inc., The American
Association of Retired Persons, The Women's Legal
Defense Fund, The Alliance for Justice,
Amici Curiae.
Lee Dodd MINICK, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF PRINCE GEORGE'S COMMUNITY COLLEGE,
Defendant-Appellee,
NAACP Legal Defense and Education Fund, Inc., The American
Association of Retired Persons, The Alliance for
Justice, The Women's Legal Defense Fund,
Amici Curiae.
 Nos. 86-2195, 87-2071.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1987.
Decided Jan. 11, 1988.
 
 Nanette Debra Levine, Daniel Irwin Sherry (Sherry & Levine, Chartered on brief) for appellant.
 Lawrence Jay Sherman (Lawrence J. Sherman & Associates on brief), Joseph M. Sellers (Ann K. Macrory, Washington Lawyers' Committee for Civil Rights Under Law, Richard J. Flynn, Sidley & Austin, Karen E. Gifford, Law Student on brief) for appellee.
 Charles Stephen Ralston, NAACP Legal Defense and Education Fund, Inc. Steven Zaleznick, Christopher G. Mackaronis, American Association of Retired Persons, Sonia R. Jarvis, Women's Legal Defense Fund, Nan Aaron, Alliance for Justice, Robert K. Huffman, B. Lee Willis, Miller & Chevalier, Chartered on brief, for Amici Curiae NAACP Legal Defense and Education Fund, American Association of Retired Persons, Women's Legal Defense Fund, Alliance for Justice.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and WILKINS, Circuit Judges.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Lee Dodd Minick brought an action under the Age Discrimination in Employment Act (ADEA) against her former employer, Prince George's Community College of the State of Maryland (College), alleging that she was discharged because of her age. She was fifty-five at the time of discharge and had been in the College's employ for five years. She had been promoted from cashier to head cashier and again from head cashier to cashier supervisor.
 
 
 2
 Increasing animosity arose between her and one of her supervisors, Michael King. The following errors of Minick contributed to that animosity: 1) failure to follow established cashier room procedures, 2) failure to maintain internal control, 3) improper acceptance and endorsement of a check, 4) lack of supervisory skills, and 5) improper endorsement of a draft.
 
 
 3
 On Minick's contention that the reasons were pretextual, with the real reason for her termination of age, a jury returned a verdict awarding her $77,193.28, the full amount of damages she sought. The College's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial was denied, whereupon the College noticed an appeal.
 
 
 4
 There is a fee shifting position applicable to the ADEA. 29 U.S.C. Sec. 626(b) (1985) (incorporating 29 U.S.C. Sec. 216(b) by reference). Minick's counsel submitted a request for approximately 559 hours at rates varying by date between $125.00 and $150.00 per hour. He also sought recompense for 347 hours of law clerk time at rates of between $25.00 and $45.00 per hour. The district judge cut the request for the lawyer's time to 236.7 hours at the hourly rates requested. Included was a reduction from 57 hours requested to 8 hours allowed for preparation of his fee petition. A total of 205 hours for law clerks was allowed at the requested rates. The district judge also allowed all other claims for expenses in their entirety except for witness fees for an unnecessary expert.
 
 
 5
 The court proceeded further to reduce the allowed fee and expenses by 25% as a penalty for what the judge perceived as improper activity of plaintiff's counsel in submitting a clearly excessive fee request.
 
 
 6
 Given a difference of opinion which developed between the supervisor, anxious to dismiss Minick, and another supervisor, who was mindful of her past service, and particularly the evidence of a conversation with King, testified to by Minick though denied by King, in which he evidenced an intent to discharge her because of her age, not to mention evidence indicating that King treated younger employees more leniently for conduct similar to the supposed misdeeds of Minick than the treatment she was accorded, there was sufficient evidence to make inappropriate a jnov for the College. A finding of motive should not be set aside unless the evidence clearly compelled rejection. Taylor v. Home Ins. Co., 777 F.2d 849 (4th Cir.1985), cert. denied, 106 S.Ct. 2249 (1986).
 
 
 7
 Turning to the new trial motion of the College, exception is taken by it to the trial judge's statement: "This court would not have made the same factual findings as did the jury." However, from the record as an entirety, we do not read the court's remark as evidencing a belief that there was insufficient evidence for the jury's finding. Instead, the district judge was simply advertising to the obvious fact that reasonable people can disagree, and he found himself at odds with the jury when the question of fact could reasonably be decided either way. The judge, immediately following the remark to which the College draws attention, added: "That, however, is not germane." The remark in the context in which it was employed almost surely indicated a belief that there were two acceptable views of the facts, with the judge coming to one conclusion (if he should come to any conclusion at all) and the jury coming to the other.
 
 
 8
 A new trial should not be granted unless the verdict is against the great weight of the evidence or clearly contrary to the weight of the evidence. Here we are unable to perceive that the verdict is against the clear weight of the evidence. Compare Johnson v. Parrish, 827 F.2d 988, 991 (4th Cir.1987); Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888 (4th Cir.1980). should not be set aside unless the evidence clearly compelled rejection. Taylor v. Home Ins. Co., 777 F.2d 849 (4th Cir.1985), cert. denied, 106 S.Ct. 2249 (1986).
 
 
 9
 Turning to the new trial motion of the College, exception is taken by it to the trial judge's statement: "This court would not have made the same factual findings as did the jury." However, from the record as an entirety, we do not read the court's remark as evidencing a belief that there was insufficient evidence for the jury's finding. Instead, the district judge was simply adverting to the obvious fact that reasonable people can disagree, and he found himself at odds with the jury when the question of fact could reasonably be decided either way. The judge, immediately following the remark to which the College draws attention, added: "That, however, is not germane." The remark in the context in which it was employed almost surely indicated a belief that there were two acceptable views of the facts, with the judge coming to one conclusion (if he should come to any conclusion at all) and the jury coming to the other.
 
 
 10
 A new trial should not be granted unless the verdict is against the great weight of the evidence or clearly contrary to the weight of the evidence. Here we are unable to perceive that the verdict is against the clear weight of the evidence. Compare Johnson v. Parrish, 827 F.2d 988, 991 (4th Cir.1987); Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888 (4th Cir.1980).
 
 
 11
 When, as here, the trial judge has denied a motion for a new trial and left undisturbed the jury's determination, all factors press in favor of leaving the verdict undisturbed. Massey v. Gulf Oil Corp., 508 F.2d 92, 95 (5th Cir.1975), cert. denied, 423 U.S. 838 (1975).
 
 
 12
 As for arguments of the College that Minick's testimony and her counsel's opening and closing arguments were so prejudicial that they were not cured by a jury instruction given by the trial judge, it first should be noted that the College failed to object or move for a mistrial after the plaintiff's testimony or the alleged improper arguments of counsel. We are, therefore, compelled, before the argument is to be invoked in favor of the College, to find commission of plain error in not granting a new trial on those grounds.
 
 
 13
 The challenged testimony of Minick was about the bad medical condition of her husband. The most objectionable portion of counsel's closing argument was his rather unprofessional comment that he had not taken the case for money since Minick could not afford fees. The jurors were instructed that they should not be influenced by sympathy and further instructed that if Minick prevailed she would recover attorney's fees under the ADEA. The trial judge concluded that there was no proof of prejudice sufficient to warrant a new trial, since the jury listened attentively to the testimony and was told that arguments are not evidence. The superior ability of the trial judge, because of his more immediate and direct involvement, to measure the impact of improper argument or improper testimony following his efforts to control such impropriety appears to us to have contributed to the attaining of the proper result.
 
 
 14
 The admission in testimony of a memorandum which Minick testified she prepared contemporaneously with certain discussions with King and filed with her personnel file was up to the trial judge. The arguments against its admissibility really go to its weight, not its admissibility. The support by the file custodian of Minick's contention that she prepared the memorandum contemporaneously with the events and recorded it made it proper for the district judge to permit the memorandum as a contemporary business record.
 
 
 15
 When we turn to objections of the plaintiff concerning counsel fees and costs, we first consider the reduction of hours (from 559 hours for counsel to 236.7 hours, and to 205 hours for law clerks from 347 hours). The trial judge properly exercises a broad discretion which we will review in a most deferential fashion. Daly v. Hill, 790 F.2d 1071, 1085 (4th Cir.1986). Compare Hensley v. Eckerhart, 461 U.S. 424 (1983).
 
 
 16
 The setting by the district judge of a lodestar figure was, in our opinion, well within his discretion. The reductions made from counsel's request in calculating the lodestar were supported by particularized findings as to hours claimed and reasonable hours to be allowed.
 
 
 17
 However, with respect to the 25% reduction as penalty for submission of what the trial judge viewed as a clearly excessive fee request, we find the reduction more troublesome. It is not supported by particular findings, nor does it satisfactorily answer the question why the plaintiff's (in contrast to her counsel's) recovery should be arbitrarily reduced, giving the defendant a windfall for which it has perhaps done nothing in the way of entitlement. We remand as to what reduction to allow counsel for the plaintiff to respond to the assertions put forward for the 25% reduction and to rebut them in any way he can. That assumes that the bases asserted for the arbitrary reduction or any other reduction sought will be articulated in a claim under Rule 11 of the Federal Rules of Civil Procedure. If that approach is followed, any consequences of a reduction in amount will be borne by plaintiff's counsel and not by plaintiff herself, who has not in any way appeared to have been the object of sanctions for improper performance. Also, the windfall to the defendant possibility will have been eradicated.
 
 
 18
 Of course, the defendant may advance reasons why it was put to unnecessary additional expense because of the undue elaboration of the claim. The basis for such a claim may be established. Any such allowance should, however, be assessed against plaintiff's counsel and not against plaintiff herself.
 
 
 19
 The judgment on the merits is AFFIRMED; the award of attorney's fees and costs as reduced by the number of hours allowed is also AFFIRMED, but the 25% across-the-board reduction as a penalty is REVERSED and REMANDED for treatment in accordance with this opinion.
 
 
 20
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.