989 F.2d 492
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DEFENDER INDUSTRIES, INCORPORATED; Kathryn C. Inabinet
Vickery; Kathryn C. Inabinet Vickery Marital
Trust, Pl aintiffs-Appellees,
v.
NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellant.
 No. 92-1656.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 1, 1993
Decided: March 11, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CA-88-3231-3-17)
 David Wallace Robinson, II, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellant. T.
 English McCutchen, III, WHALEY, MCCUTCHEN, BLANTON & RHODES, Columbia, South Carolina, for Appellees.
 D. Reece Williams, III, John S. Taylor, Jr., ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellant.
 Thomas E. McCutchen, John C. Bradley, Jr., WHALEY, MCCUTCHEN, BLANTON & RHODES, Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Once again the question before us is the propriety of the amount of punitive damages assessed against Northwestern Mutual Life Insurance Company in this litigation. We previously remanded this case for retrial on the issue of the amount of punitive damages. See Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co., 938 F.2d 502 (4th Cir. 1991) (en banc). At the conclusion of the second trial, the jury returned a verdict five times larger than the one awarded in the first trial. The district court ordered another new trial on this issue, provided that Defender[1] did not agree to remit all of the verdict in excess of $5,000,000. Defender assented to the remittitur, and Northwestern appeals the nisi punitive damages verdict established by the district court. We affirm.
 
 I.
 
 2
 The facts underlying the dispute between these parties are set forth in detail in the prior opinion of the en banc court. Id. at 503-04. The first jury to hear this case awarded $106,513.74 in actual damages and $5,000,000 in punitive damages based on Defender's fraud causes of action. Id. at 504. On post-trial motions, the district judge determined that some amount of punitive damages was justified by the evidence, but that the amount awarded by the jury was, in her opinion, excessive. Id. at 505. Rather than grant a new trial nisi remittitur, relying on then existing precedent of this circuit, Shamblin's Ready Mix, Inc. v. Eaton Corp., 873 F.2d 736, 743 (4th Cir. 1989), overruled by Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co., 938 F.2d 502 (4th Cir. 1991) (en banc), the district judge granted judgment notwithstanding the verdict and set the amount of punitive damages at $10,000. Defender, 938 F.2d at 505. Alternatively, she conditionally granted a new trial. Id. at 507.
 
 
 3
 This court affirmed in part, finding that the district judge's rulings with respect to actual damages and liability for punitive damages were proper. Id. at 505, 508-09. We reversed the grant of judgment notwithstanding the verdict with respect to the amount of punitive damages, overruling Shamblin's Ready Mix on the basis that the Seventh Amendment required that a jury determine the amount of a punitive damages verdict. Id. at 507. However, because the district judge did not abuse her discretion in granting a new trial on the issue of the amount of punitive damages, we remanded for a new trial on this issue. Id. at 507-09.
 
 
 4
 On remand the case was assigned to a different district judge. Before the case could be retried, this court decided Mattison v. Dallas Carrier Corp., 947 F.2d 95 (4th Cir. 1991), which held that the South Carolina scheme for awarding punitive damages as applied by federal courts sitting in diversity jurisdiction had violated due process. Consequently, the district judge, who was assigned to retry this case on remand, conducted the new trial on the issue of the amount of punitive damages utilizing the procedures outlined in Mattison. The jury returned a verdict of $25,000,000 in favor of Defender.
 
 
 5
 The district judge ruled that this verdict was excessive and grossly disproportionate to the severity of the offense and ordered a new trial unless Defender agreed to remit all but $5,000,000 of the punitive damages verdict-the greatest amount of punitive damages the district judge concluded a reasonable jury could have awarded. Defender accepted the remittitur.
 
 
 6
 Northwestern appeals, arguing that the district judge erred in assessing the amount of the nisi punitive damages award in contravention of the law of South Carolina, as established in Mattison, by considering Northwestern's ability to pay other than as a limitation on the amount of punitive damages that could properly be awarded. Additionally, Northwestern claims that the amount of the nisi punitive damages award, which is approximately 47 times the amount of actual damages awarded, in addition to being grossly disproportionate to the conduct for which punitive damages were awarded, violates principles of due process.
 
 II.
 As the Supreme Court has stated:
 
 7
 In reviewing an award of punitive damages, the role of the District Court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under [Federal Rule of Civil Procedure] 59, whether a new trial or remittitur should be ordered. The Court of Appeals should then review the District Court's determination under an abuse-ofdiscretion standard.
 
 
 8
 Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989). Under Rule 59, a district court may set aside an excessive damages award if it determines " 'that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice.' " Defender, 938 F.2d at 507 ( quoting Johnson v. Parrish, 827 F.2d 988, 991 (4th Cir. 1987)). We review the decision of the district court that the nisi verdict is not excessive for an abuse of discretion. See BrowningFerris, 492 U.S. at 279; see generally 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2820, at 135-36 (1973).
 
 
 9
 In assessing the appropriate amount of the nisi verdict the district court carefully addressed the factors the jury was to consider in awarding punitive damages and analyzed the evidence presented in a thorough, well-reasoned opinion. We find that the district court properly decided the legal issues and that its determination of the appropriate amount of the nisi verdict was not an abuse of discretion or a denial of due process. Accordingly, we affirm on the reasoning of the district court.[2]
 
 AFFIRMED
 
 
 [1]
 For ease of reference this opinion refers to Plaintiffs-Defender Industries, Incorporated; Kathryn C. Inabinet Vickery; and the Kathryn C. Inabinet Vickery Marital Trust-collectively as "Defender."
 
 
 [2]
 Northwestern requested that, in the event we ordered a remand of the case for retrial, we address several allegedly erroneous evidentiary rulings by the district court in order to avoid error on remand. In light of our affirmance, we need not address these issues