**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIAN K. AGNEW,
Plaintiff-Appellee,

v.

ERNEST S. HENDRY, JR.; JUDITH
VENTURA HENDRY,
Defendants-Appellants.

No. 95-2819

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-94-1559-A)

Submitted: May 28, 1996

Decided: July 19, 1996

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ernest S. Hendry, Jr., Judith Ventura Hendry, Appellants Pro Se.
Martin Ray Mann, Falls Church, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellants, Ernest and Judith Hendry, appeal from the district court's denial of their motions for a new trial and remittitur. A jury found that the Hendrys owed Marian Agnew $26,066.17 in fees and interest for legal work she had performed over an extended period of time for the Hendrys. The Hendrys sought a new trial and remittitur claiming that the trial court committed various errors and was prejudiced against them. Finding no reversible error, we affirm.

The standard the trial court must apply in deciding whether to grant a motion for a new trial has been described by this court as follows:

> Under Rule 59 of the Federal Rules of Civil Procedure, a trial judge may weigh the evidence and consider the credibility of the witnesses and, if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial.[1]

Having reviewed the record, we cannot say that the district court abused its discretion in failing to find the verdict to be against the clear weight of the evidence, based on false evidence, or a miscarriage of justice.[2]

Further, our examination of compensatory damage awards places an extraordinary burden of proof on the party seeking to challenge the award. We shall not set aside an award of compensatory damages as excessive unless it is "against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice."[3] We do not find the jury's award excessive or a miscarriage of justice.

_____

[1] **Poynter by Poynter v. Ratcliff** , 874 F.2d 219, 223 (4th Cir. 1989).
[2] **Abasiekong v. City of Shelby**, 744 F.2d 1055, 1059 (4th Cir. 1984).
[3] **Johnson v. Parrish**, 827 F.2d 988, 991 (4th Cir. 1987) (quoting Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir. 1941)); see also Johnson v. Hugo's Skateway, 974 F.2d 1408, 1414 (4th Cir. 1992) (in banc).

Accordingly, we affirm the district court's order denying the Hendrys a new trial and remittitur. Additionally, we deny Agnew's motion to dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3