**DUMBELL RANCH COMPANY, a Wyoming corporation, Plaintiff-Appellee,**

v.

**CHEROKEE EXPLORATION, INC., a Colorado corporation, Defendant-Appellant.**

No. 80–1880.

United States Court of Appeals, Tenth Circuit.

Nov. 5, 1982.

Fred W. Phifer, Wheatland, Wyo. (Sky D. Phifer of Phifer & Phifer, Wheatland, Wyo., with him on brief), for plaintiff-appellee.

Herbert A. Delap, Denver, Colo. (C. Kevin Cahill of Shafroth & Toll, P.C., Denver, Colo., with him on brief), for defendant-appellant.

Before SETH, Chief Judge, and HOLLOWAY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Dumbell Ranch Company, a Wyoming corporation, filed an action in trespass against Cherokee Exploration, Inc., a Colorado corporation, in the district court for Albany County, State of Wyoming. Pursuant to 28 U.S.C. § 1441, Cherokee removed the action to the United States District Court for the District of Wyoming.

In its complaint, Dumbell alleged that survey crews of Cherokee wilfully trespassed on Dumbell's land with resultant injury. Specifically, Dumbell claimed that in the spring of 1979 Cherokee's survey crews on several occasions drove across certain grazing land owned by Dumbell to reach adjacent public land. The Dumbell property was enclosed, and entry was allegedly gained by driving over three gates and by cutting numerous fences. Dumbell also alleged that ruts created by the vehicles used by Cherokee's employees permanently damaged the pasture, and that cattle kept on the property escaped through the damaged gates and fences.

Dumbell sought compensation for the damage to its property and the fixtures thereon, for the cost of rounding up the stray cattle, and for the value of the weight lost by the cattle in the round up process. In addition, Dumbell requested punitive damages.

By answer, Cherokee denied that its crews had trespassed on Dumbell's property. Further, Cherokee affirmatively pled waiver and estoppel, and accord and satisfaction. In the alternative, Cherokee alleged that any trespass by its crews was innocent and without knowledge of Dumbell's superior rights.

Trial was to a jury, which found for Dumbell. The jury awarded Dumbell $10,000 in actual damages and $35,000 in punitive damages. Subsequently, the district court granted Cherokee's motion for remittitur and ordered Dumbell to remit all actual damages in excess of $8,625 and all punitive damages in excess of $15,000, or suffer a new trial. Dumbell accepted the remittitur, and judgment was thereafter entered for Dumbell in the amount of $8,625 actual damages and $15,000 punitive damages. Cherokee appeals. We affirm.

Cherokee is the locator of numerous unpatented lode mining claims on public lands in Wyoming, including claims on Section 6, Township 21 North, Range 74 West, Albany County, State of Wyoming. Section 6, which is public land, is surrounded on three sides by land owned by Dumbell, the successor-in-interest to land granted the Union Pacific Railroad by Congress in 1862. As indicated, it was Dumbell's theory of the case that Cherokee's survey crews, in their effort to reach Section 6 where they were conducting staking and validation activities, trespassed on Dumbell's land, which lay immediately to the east of Section 6.

On appeal, Cherokee's primary ground for reversal is that, as a mining prospector, it has, under the Pacific Railroad Act of 1862 and the Mining Law of 1872, an "implied license" to cross "old" Union Pacific land grant sections in order to perfect mining claims on public land. In our view, however, this particular issue was not raised in the trial court. The general rule, of course, is that a party may not lose in a trial court on one theory, and, later, prevail on appeal on a different theory. *Neu v. Grant,* 548 F.2d 281, 287 (10th Cir. 1977); *Schenfeld v. Norton Co.,* 391 F.2d 420, 424 (10th Cir.1968). Accordingly, the question whether Cherokee has an implied license to cross Dumbell's land, not having been litigated in the trial court, cannot be considered on appeal.

Counsel did make specific reference to the question of an implied license in pretrial memoranda. However, no other document prepared by either party or by the district court makes any reference to this issue. Cherokee, significantly, did not raise the defense of implied license in its answer, and the district court did not list the issue in its pretrial order as one of the questions to be determined.

Nor was the issue injected orally into the trial. Admittedly, a defense witness testified that he thought that Cherokee had a right to cross private land to reach public land on which it sought to perfect mining claims. But nothing was ever made of this testimony. For example, Cherokee twice moved for a directed verdict, but in neither instance did it urge the existence of an implied license as a basis for its motion. Instead, Cherokee, in both motions, argued that Dumbell had failed to prove that it was Cherokee, and not some other person, which had committed the trespass, and, al-

ternatively, that Dumbell had failed to establish any injury. Most important, Cherokee never requested an instruction on the implied license issue. Understandably, then, the district court did not submit such an instruction to the jury, and the issue was never resolved.

Cherokee relies on *Leo Sheep Co. v. United States,* 570 F.2d 881, 891 (10th Cir.1977), *rev'd on other grounds,* 440 U.S. 668, 99 S.Ct. 1403, 59 L.Ed.2d 677 (1979). However, that case is distinguishable. In *Leo Sheep,* the crucial argument made in this Court was advanced in the trial court by the plaintiffs, and, importantly, the trial court *actually ruled* on the merits of the matter. Such is clearly not the case here.

In sum, we do not feel that a passing reference in pretrial memoranda or the isolated and undeveloped testimony of a witness can be said to constitute raising an issue. Indeed, under these circumstances it would be anomalous if Cherokee, having lost in the trial court on its main argument that it did not commit the trespass, should prevail in this Court on the ground that it had an implied license to cross Dumbell's property. Accordingly, we hold that the issue of an implied license was not raised in the trial court, and that, under the general rule above mentioned, the issue cannot be raised on appeal.

■ As indicated, Cherokee's main defense in the trial court was that Dumbell had failed to prove, *prima facie,* that it was Cherokee which trespassed on Dumbell's land. The trial court held that there was sufficient evidence that Cherokee was, in fact, the trespasser to require submission of the case to the jury. We agree. Admittedly, there was no eyewitness to the trespass. But in our view there was strong circumstantial evidence that it was Cherokee, and not some other party, which trespassed on Dumbell's land in order to reach Section 6. Cherokee undisputably performed staking and validation activities on Section 6 at or about the time of the trespass. No other exploration company was in this particular area at the time. Further, an employee of Cherokee was actually found on Dumbell's

land by an employee of Dumbell. All in all, there was sufficient evidence to require submission of the case to the jury.

■ Cherokee also claims, on appeal, as it did in the trial court, that there was insufficient evidence of any damage, and that punitive damages, in any event, should not have been awarded. We disagree. Dumbell had to repair its fences and gates. It incurred expense in rounding up the cattle that were turned loose by the trespasser. Further, the 249 head of cattle which escaped the pasture were "chouced" and as a result lost weight. Finally, there was damage to the Dumbell's pasture land. There most certainly is evidence, then, that Dumbell suffered some actual damage as a result of the trespass. In addition, a plaintiff need not prove his injury with mathematical certainty. *Fiedler v. McKea Corp.,* 605 F.2d 542, 547 (10th Cir.1979). Accordingly, the award of compensatory damages was proper.

■ The trial court also held that under local Wyoming law Dumbell's claim for punitive damages presented a jury question. As a reviewing court, we are disinclined to disturb that ruling. Appellate courts should give deference to a resident federal district court judge's understanding of local state law. *Binkley v. Manufacturers Life Ins.,* 471 F.2d 889 (10th Cir.), *cert. denied,* 414 U.S. 877, 94 S.Ct. 130, 38 L.Ed.2d 122 (1973). In any event, there was evidence that the trespass was wilful and, in such circumstances, under Wyoming law punitive damages may be recovered. *Sears v. Summit, Inc.,* 616 P.2d 765, 770–71 (Wyo. 1980). In this connection, Cherokee employees stated that they made it a practice *not* to seek permission to cross private land in order to reach public land until after their claims were staked and validated. Otherwise, the owner of the private land might get in ahead of Cherokee.

■ One other matter remains. Although Dumbell did not file a cross-appeal, it nevertheless attempts in the present proceeding to reinstate the verdict of the jury. No cross-appeal having been filed, the mat-

ter is not properly before us. In any event, a party in a federal court, whether his claim is based on federal or state law, may not appeal from an order of remittitur he has accepted. *Donovan v. Penn Shipping Co.,* 429 U.S. 648, 650, 97 S.Ct. 835, 837, 51 L.Ed.2d 112 (1977).

Judgment affirmed.