Royce GILREATH, Appellant,

v.

BUTLER MANUFACTURING
COMPANY, Appellee.

No. 84–1651.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 26, 1984.

Decided Dec. 19, 1984.

Royce Gilreath, pro se.

Jack D. Rowe, Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Royce Gilreath appeals pro se from the district court's judgment in favor of Butler Manufacturing Company (Butler) denying his discrimination claim brought under 42 U.S.C. §§ 1981 and 2000a. Gilreath alleges that Butler discriminated against him, on the basis of his race and gender, after he refused a job assignment previously given to a female employee who was physically incapable of performing the assigned task. After trial, the district court found no evidence of disparate treatment, either on the basis of race or gender, by Butler in suspending and subsequently terminating Gilreath's employment. Gilreath argues on appeal that the district court clearly erred

in finding that Butler's actions did not constitute sex discrimination.[1]

## I. FACTS.

Butler employed Gilreath at its Kansas City plant, where it manufactures grain bins and bolted tanks. Gilreath performed various labor-related tasks for the company at the direction and under the supervision of a foreman. Approximately one week before his suspension, Gilreath suffered an injury to his right hand. Although the injury required medical treatment, Gilreath's physician allowed him to return to work on the same day. The injury, however, was serious enough to require a protective dressing to be changed daily for one month.

On the day of his suspension, Gilreath worked as a "helper," and his foreman initially assigned him to assist other employees on a roll and flange machine. Subsequently, the foreman assigned Gilreath to replace a female employee who was assigned to shear heavy metal, a task occasionally assigned to Gilreath. Although the female employee had previously performed the assignment without difficulty, she had problems on this particular day because the metal had apparently rusted together. The foreman told Gilreath on at least three separate occasions to report to the assigned position, but Gilreath refused. Butler subsequently dismissed Gilreath on the basis of his insubordinate conduct and his past disciplinary record.

## II. ARGUMENT.

Gilreath argues that the district court erroneously rejected his novel sex discrimination claim. The basis of this claim was that the prior injury to his hand prevented him from performing the assigned task and that the foreman knew of his injury. Under these circumstances, he alleges that terminating his employment constituted disparate treatment on the basis of his sex

because the female employee was not discharged for her inability to do the work. We affirm the district court's finding that Gilreath has not stated a sex discrimination claim.

A discrimination claim which relies on a disparate treatment theory has three phases: first, the plaintiff must establish by a preponderance of the evidence a prima facie case of discrimination; second, if the plaintiff meets his initial burden of proof, then the burden shifts to the defendant to show a legitimate, nondiscriminatory basis for the disparate treatment; and third, should the defendant carry this burden, then the plaintiff has the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered were a pretext to cover a discriminatory motive. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973); *Johnson v. Bunny Bread Co.*, 646 F.2d 1250, 1253 (8th Cir.1981). When a claim of discrimination rests on a particular act such as a discharge, proof of a discriminatory motive is critical. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335, n. 15, 97 S.Ct. 1843, 1854, n. 15, 52 L.Ed.2d 396 (1977); *Johnson*, 646 F.2d at 1254. In order for Gilreath to prove a discriminatory motive, he must show a similarity between his conduct and that of the female employee who was not discharged. *Johnson*, 646 F.2d at 1255.

The district court did not dismiss Gilreath's disparate treatment claim for lack of a prima facie showing; therefore, we will assume that Gilreath did initially meet his burden of proof. *Talley v. United States Postal Service*, 720 F.2d 505, 507 (8th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 2155, 80 L.Ed.2d 541 (1984). Because Butler provided a legitimate nondis-

---

1. Although Gilreath, a black man, alleged racial discrimination in the district court, he apparently has abandoned that claim on appeal. Nevertheless, we find that the district court properly denied the claim, because Gilreath presented no evidence of racial discrimination. In fact, the female employee who Gilreath refused to replace was also black.

criminatory reason for Gilreath's discharge, *i.e.*, Gilreath's insubordination and his past disciplinary record, the only issue on appeal is whether Butler's articulated reason was a pretext for discrimination. *Id.* In that regard, Gilreath presented evidence of the prior injury to his hand. This evidence does not demonstrate that Gilreath was discriminated against on the basis of his sex. We express no view on whether Gilreath might have a cause of action under his union contract on the ground he was fired because of his hand injury.

■ Gilreath also claims Butler discharged him because he protested the alleged sex-based discrimination. Gilreath had the initial burden to prove Butler had knowledge of his alleged protestations and that Butler acted in retaliation by discharging him. *Kellin v. ACF Industries,* 629 F.2d 532, 536 (8th Cir.1980). Gilreath did not present any evidence in support of his claim.

Accordingly, we affirm the district court's decision that Gilreath's termination did not constitute sex discrimination.