**518**

ST. LOUIS DEVELOPMENTAL DISA-
BILITIES TREATMENT CENTER
PARENTS' ASSOCIATION, a Missouri
nonprofit corporation; Missouri Asso-
ciation for Retarded Citizens, a Missou-
ri nonprofit corporation; Missouri De-
velopmental Disabilities Protection and
Advocacy Services, Inc., a Missouri
nonprofit corporation; Concerned Par-
ents of Caruthersville, a Missouri non-
profit corporation; Missouri Associa-
tion for Autistic Citizens (Mayday), a
Missouri nonprofit corporation; C.E.,
by and through her mother and next
friend, P.E.; J.H., by and through his
mother and next friend, P.H.; M.R., by
and through her mother and next
friend, K.R.; A.D.W., by and through
his mother and next friend, S.W.;
P.L.P., by and through his mother and
next friend, P.P.; C.S., by and through
her mother and next friend, P.S.; S.R.,
by and through his mother and next
friend, G.R.; P.J.B., by and through her
mother and next friend, P.B.; K.W., by
and through his mother and next
friend, R.W.; W.W., by and through his
surrogate parent and next friend, J.G.;
A.W., by and through her grandmother
and next friend, R.H.; W.C., by and
through his mother and next friend,
C.D.; M.P., by and through her mother
and next friend, E.J.T.; individually
and on behalf of all others similarly
situated, Appellants,

v.

Arthur L. MALLORY, individually and in
his capacity as Commissioner of Edu-
cation of the Department of Elementa-
ry and Secondary Education; Leonard
W. Hall, individually and in his capaci-
ty as Assistant Commissioner for the
Division of Special Education of the
Department of Elementary and Second-
ary Education; Department of Elemen-
tary and Secondary Education; State
Board of Education; Paul R. Ahr, indi-
vidually and in his capacity as Director
of the Department of Mental Health;
Department of Mental Health; St.
Louis City School District; Kansas City
33 School District; Northwest R–1

School District; St. Charles School Dis-
trict; Riverview Gardens School Dis-
trict; Affton 101 School District; Ca-
ruthersville School District No. 18;
North Pemiscot R–1 School District, in-
dividually and on behalf of all others
similarly situated; Pemiscot County
Special School District; and Special
School District of St. Louis County,
Appellees.

No. 84–2196.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1985.

Decided July 16, 1985.

Ann B. Lever, St. Louis, Mo., for appellants.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HENLEY, Senior Circuit Judge.

This appeal is from a judgment of the district court[1] rejecting appellants' "systemic challenge" to Missouri's special education system, 591 F.Supp. 1416. On appeal, appellants contend that the Missouri system of special education contravenes provisions of the Education of All Handicapped Children Act, 20 U.S.C. §§ 1400 *et seq.* (the Education Act); and that the district court used erroneous legal standards in failing to so hold. We affirm.

Appellants are five handicapped advocacy groups based in Missouri, and thirteen severely handicapped children who receive or have received publicly-funded special education services in separate, handicapped-only, schools in Missouri. Appellants' suit concerns the use by certain state and local governmental agencies (*i.e.*, the Missouri Department of Elementary and Secondary Education; the Missouri Department of Mental Health; the Special School District of St. Louis County; the Pemiscot County Special School District; and several local school districts in Missouri) of these separate facilities as settings for publicly-funded programs of special education for severely handicapped children. Evidence at trial indicated that as a general rule the agencies place in the separate schools those children who function in a number of broad areas at a level less than half of that of their peers. An intelligence quotient below fifty is a "good indicator, but not a controlling factor in the [placement] decision," according to the district court.

Appellants, who would prefer that severely handicapped children be educated in self-contained classrooms within regular public schools, contended at trial that placement of the severely handicapped in regular schools was constitutionally and statutorily required. As pertinent to this appeal, appellants relied on the Education Act's so-called "least restrictive environment" provision:

> In order to [receive federal funds under the Act], a State shall demonstrate....
>
> \* \* \* \* \* \*
>
> (5) The State has established ... (B) procedures to assure that, to the maximum extent appropriate, handicapped children, including children in public or private institutions or other care facilities, are educated with children who are not handicapped, *and that special classes, separate schooling, or other removal of handicapped children from the regular educational environment occurs only when the nature or severity of the handicap is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily....*

20 U.S.C. § 1412 (emphasis added). Appellants, noting that Missouri receives Education Act funds, alleged that injunctive and declaratory relief was necessary to bring the Missouri special education system into compliance with the least restrictive environment provision.

After an eight-week trial, the district court issued a lengthy and detailed opinion.

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge, Western District of Missouri.

The court emphasized that the focus of the suit had not been on the particular needs of the individual children named as plaintiffs; the court indicated that it had not been asked to decide, and therefore had not decided, whether placement of those children in separate schools had been appropriate under the Education Act. With regard to the "systemic challenge" to Missouri's compliance with the Education Act's least restrictive environment policy, the district court found that maintenance of separate schools is not a per se violation of the Act. The court found that there is a legitimate place for separate schools within the "continuum" of special education placements envisioned by the Education Act; the court further found that Missouri has established procedures designed to assure that each handicapped child is placed in the least restrictive environment possible. The district court consequently denied appellants' prayers for declaratory and injunctive relief.

On appeal, appellants do not challenge the district court's conclusion that separate schools are not, per se, violative of the Education Act's least restrictive environment provision. Nor do appellants contend that the district court erred in failing to decide whether the needs and abilities of the individual complainants are such that placement of those particular children in separate schools was inappropriate.

Instead, the argument advanced by appellants is that some children with severe functional handicaps who might benefit from nonacademic interaction with unimpaired children if they could be placed in separate classrooms within regular public schools are being placed by Missouri educators in separate schools simply because no programs of special education in self-contained classrooms are available in the regular public schools in their geographic areas. Appellants insist that this alleged practice contravenes the Education Act's least restrictive environment policy. Appellants point to certain portions of the district court's opinion which they contend show that the district court had an erroneous view of the Education Act's requirements in this regard.[2]

In response, the various state and local administrative agencies contend that appellants' argument represents an impermissible shift in theory from the position appellants had taken at trial. We agree. The questions of whether under the Act educators may operate separate schools serving only severely handicapped children, and whether Missouri's placement procedures are designed to implement the Education Act's least restrictive environment policy, are quite different from the question of whether in Missouri a less restrictive placement is actually available to each severely handicapped child who might benefit from one. Despite appellants' occasional references to the latter issue during the district court proceedings, it is clear that only the former issues were fully aired at trial. That the trial was not directed at the issue appellants now raise is evidenced by the fact that appellants do not define the group that is being subjected to the allegedly inappropriate placement practices. This problem is crucial, given that some special education programs for severely handicapped children are apparently being conducted in self-contained classrooms in Missouri's regular public schools, and given the district court's findings, unchallenged by appellants, that for some

2. Specifically, appellants first allege that the district court erred in not deciding whether the least restrictive environment provision applies to placement of handicapped children in separate classrooms within regular schools, as well as to placement of handicapped children alongside unimpaired children in regular classrooms. Next, appellants contend that the Education Act requires state and local agencies to make placements in separate classrooms within regular schools *available* to all severely handicapped children who might benefit from such placements; and that the district court's failure to consider the alleged scarcity of such placements in Missouri schools was reversible error. Finally, appellants contend that the district court's adverse decision was based on consideration of inappropriate factors—*i.e.*, the feasibility of the relief requested, and the willingness of various segments within the Missouri educational system to provide special education classrooms in regular public schools.

severely handicapped children, separate schools are the most appropriate educational setting within the meaning of the Education Act. Had the case been tried on the theory appellants now espouse, appellants presumably would have produced particularized proof regarding which severely handicapped children, or which types of severely handicapped children, would benefit from the placements appellants allege to be unavailable. Appellants do not avert to any such proof.

■ As a general rule, a reviewing court will consider a case only on the theory upon which it was tried in the district court. *Wright v. Newman,* 735 F.2d 1073, 1076 (8th Cir.1984); *City of Waco, Texas v. Bridges,* 710 F.2d 220, 227–29 (5th Cir.), *reh. denied,* 716 F.2d 901 (1983), *cert. denied sub nom. Bridges v. McLennan County, Texas,* —— U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 741 (1984); *Dumbell Ranch Co. v. Cherokee Exploration, Inc.,* 692 F.2d 706, 707–08 (10th Cir.1982); *Korgel v. United States,* 619 F.2d 16, 18 (8th Cir.1980). The record before us does not contain the findings necessary to an evaluation of the validity of appellants' arguments. It would be inappropriate at this point for us to resolve complex questions neither considered by the district court nor developed at trial. Furthermore, although we have considered appellants' allegations of legal error, we have found no error in the district court's analysis of the very narrow issues presented at trial regarding the requirements of the Education Act. In such circumstances, resolution of the issues appellants have sought to raise on appeal must await another day.

The decision of the district court is affirmed.