**Dennis MINER, Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, Appellee.**

No. 90–2391.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1991.

Decided Sept. 9, 1991.

Marc Wallis, St. Louis, Mo., for appellant.

Ronald Sherod, argued (Christopher Smith, on brief), St. Louis, Mo., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and PECK,* Senior Circuit Judge.

* The Honorable John W. Peck, United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

WOLLMAN, Circuit Judge.

Dennis Miner appeals from the district court's [1] grant of directed verdict for Miner's former employer, Bi–State Development Agency, in his action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Miner's section 1981 complaint is not viable in the light of our decision in *Taggart v. Jefferson County Child Support Enforcement Unit*, 935 F.2d 947 (8th Cir.1991), and we affirm the district court's judgment dismissing the Title VII claim as well.

Miner, a black male, worked for Bi–State Development as a till clerk, pulling full change machines from buses and emptying them into a coin counter. Bi–State suspended Miner and later terminated his employment after Miner protested about having to work on Labor Day and then failed to pull all of the tills from the buses he was assigned when he did report to work. During his employment at Bi–State, Miner was subjected to a series of suspensions for frequent incidents of absenteeism, unauthorized use of a company bus, negligence, failure to complete assignments, and acts of insubordination. At the time of his final infraction in September 1983, Miner was on probation for an act of insubordination that occurred on January 4, 1983.

Following his discharge, Miner brought this suit, alleging that Bi–State had discriminated against him because of his race and sex. Bi–State defended on the ground that Miner was discharged for insubordination and failure to perform assigned work. The district court found that a reasonable jury could not have returned a verdict for Miner because Miner had not performed the normal requirements of his job.

Miner argues that two other employees, who are white, were punished less severely than himself despite having committed similar violations of company policies. Miner further contends that statements made by a manager at Bi–State reflect a bias against black men. Miner points to the discharge of four black men, including himself, during 1982 and 1983 to show a pattern of discrimination, and to the fact that more white females were hired after his discharge than while he was employed as a till clerk.

■ A Title VII disparate treatment claim has three phases: the employee must prove a prima facie case. That done, the burden shifts to the employer to show a legitimate, nondiscriminatory basis for the disparate treatment. The employee must then establish that those reasons were a pretext to cover the employer's discriminatory motive. *Gilreath v. Butler Mfg. Co.*, 750 F.2d 701, 702 (8th Cir.1984). *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973); *Johnson v. Bunny Bread Co.*, 646 F.2d 1250, 1253 (8th Cir.1981).

■ To establish a prima facie case of employment discrimination under Title VII, Miner was required to show that (1) he belongs to a protected class; (2) he was performing his job at a level that met the employer's legitimate expectations; (3) he was, nevertheless, fired; and (4) after the discharge, the employer sought an employee not in the protected class to perform the same work. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013–14 (1st Cir.1979) (adapting *McDonnell Douglas* and *Burdine* to termination situation); *see also Crimm v. Missouri Pac. R.R. Co.*, 750 F.2d 703 (8th Cir.1984); *Halsell v. Kimberly–Clark Corp.*, 683 F.2d 285 (8th Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983).

■ Bi–State had the legitimate expectation that Miner would not be insubordinate in the performance of his duties. When Miner's performance did not prove satisfactory, Bi–State had the right to terminate his employment. Because Miner failed to establish that his performance

**1.** The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

was adequate, he failed to establish a prima facie case of discrimination. Beyond that, Miner's insubordination constituted a nondiscriminatory reason for Bi–State to terminate his employment. Accordingly, the district court did not err in dismissing the Title VII action.

The judgment dismissing Miner's complaint is affirmed.

McMILLIAN, Circuit Judge, concurring in part, dissenting in part.

I would affirm in part, reverse in part, and would order a remand of appellant's section 1981 cause of action.