Marvin A. RHODEMAN, Plaintiff,

v.

ROBERTSON AND PENN, INC. a/k/a National Service Co., Defendant.

Civ. A. No. 91–1352–MLB.

United States District Court,
D. Kansas.

Nov. 13, 1992.

See also, 141 F.R.D. 514.

---

Sheila P. Hochhauser, Manhattan, Kan.,
for plaintiff.

Keith R. Henry, David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, Kan., for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendant's motions to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), and for partial summary judgment. (Docs. 73 and 47)

### *Factual Background*

Defendant (Robertson) is a Missouri corporation that operates laundry facilities on the Fort Riley military base, pursuant to a contract with the United States government. Plaintiff (Rhodeman) is a black male who was employed by Robertson as a maintenance mechanic and wash line supervisor from 1985 until 1991. On September 18, 1990, Rhodeman was suspended for four days without pay and removed from his job as maintenance mechanic. On October 22, 1990, Rhodeman was suspended for three days without pay. On February 25, 1991, Rhodeman was removed from his job as wash line supervisor. Rhodeman left Robertson's employ immediately thereafter. He commenced this action against Robertson on August 19, 1991.

### *Rule 12(b)(2) Motion*

■ Robertson argues Rhodeman has failed to allege either diversity of citizenship or a federal question. Our review of Rhodeman's complaint leads us to the opposite conclusion. Rhodeman has pleaded that he is a resident of Kansas and Robertson is a Missouri corporation. Additionally, Rhodeman's complaint alleges conduct actionable under 42 U.S.C. § 1981, § 1983, and Title VII (42 U.S.C. 2000e–2). This court therefore has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and § 1332. Robertson's motion (Doc. 73) is denied.

### *Summary Judgment Motion*

■ Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Entry of summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1138 (10th Cir.1991) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). Summary judgment is inappropriate, however, if there is sufficient evidence on which a trier of fact could reasonably find for the nonmoving party. *Prenalta Corp. v. Colorado Interstate Gas Co.*, 944 F.2d 677, 684 (10th Cir.1991).

■ The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. This burden, however, does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* (emphasis in original). Once the moving party properly supports its motion, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 726 (10th Cir.1991). The court reviews

the evidence in a light most favorable to the non-moving party, *e.g., Washington v. Board of Public Utilities*, 939 F.2d 901, 903 (10th Cir.1991), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

Robertson's motion seeks summary judgment on Rhodeman's claims based on race. Rhodeman contends, *inter alia*, that he was wrongfully suspended, demoted, and discharged on account of his race. In the pretrial order, the parties agreed and stipulated the law governing the issue of race discrimination by the defendant is Title VII.[1]

Title VII renders unlawful race discrimination with respect to an individual's discharge by their employer, as well as discrimination with respect to the individual's compensation, terms, or conditions of employment. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court outlined a three-part test for evaluating Title VII disparate treatment claims. First, the plaintiff must establish a prima facie case of discrimination. Second, if the plaintiff carries his initial burden, the burden shifts to the defendant to "articulate some legitimate nondiscriminatory reason" for the challenged workplace decision. Third, if the defendant carries this burden, the plaintiff has an opportunity to prove that the legitimate reasons the defendant offered were merely a pretext for discrimination. *Id.* at 802, 93 S.Ct. at 1824. In order to establish a prima facie case of discriminatory discharge, a plaintiff must prove by a preponderance of the evidence: (1) he belongs a protected class or minority; (2) he was qualified for his job; (3) he was terminated despite his qualifications; (4) after his termination, his employer sought an employee not in the protected class to perform the same work. *Miner v. Bi-State Development Agency*, 943 F.2d 912, 913 (8th Cir.1991).

Rhodeman has alleged the elements necessary to establish a prima facie case. In the pretrial order, he alleges he is black, was terminated despite having given years of excellent employment to the defendant, and that his position was filled by a white person. In response, Robertson has offered nondiscriminatory reasons for its actions towards Rhodeman. At this stage, the court must decide whether a factual dispute exists over the ultimate factual issue in the case. The factual inquiry in a Title VII case is whether the defendant intentionally discriminated against the plaintiff. *U.S. Postal Service Bd. of Govs. v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983).

Robertson argues Rhodeman has acknowledged Robertson's conduct towards him was not motivated by race. It relies on an answer in Rhodeman gave in his deposition: "Race didn't have nothing to do with myself." Rhodeman controverts the meaning of the statement, contending it is taken out of context and refers not to Robertson's conduct towards Rhodeman, but rather that race had nothing to do with Rhodeman's conduct in Robertson's employment.

The court has reviewed the portion of the transcript where Rhodeman's answer appears. The question to which Rhodeman's answer responded concerned the reasons why Robertson's manager, Clarence Burdett, selectively enforced company policy rules. Rhodeman's answer concedes that Burdett's actions in this regard towards him were not motivated by race. This answer, however, is not necessarily dispositive on the issue of whether

1. The court notes that plaintiff alleged racial discrimination actionable under 42 U.S.C. § 1981 and § 1983 in his amended complaint. The pretrial order supersedes the pleadings, and in view of the parties' stipulation in the pretrial order that plaintiff's race discrimination is governed by Title VII, the court finds that the plaintiff has abandoned any claims under § 1981 or § 1983.

The court would note that plaintiff's § 1981 claim is not actionable in any event. *See Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 975–76 (10th Cir.1991). Plaintiff filed this action prior to the enactment of the Civil Rights Act of 1991. This court has held the Act is not to be applied retroactively. *Little v. Wichita Coca–Coca Bottling Company*, No. 91–1205–B, 1992 WL 223758 (D.Kan., August 12, 1992).

Robertson's actions in demoting or discharging Rhodeman were based on race. Rhodeman has submitted an affidavit that raises a genuine issue of material fact with respect to whether Robertson intentionally discriminated against him. Accordingly, the motion (Doc. 47) for partial summary judgment is denied.

IT IS SO ORDERED.