39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Nathaniel DUBOSE, Appellant,
v.
FORD MOTOR COMPANY, Appellee.
 No. 94-1326.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 28, 1994.
Filed: November 7, 1994.
 
 Before McMILLIAN, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nathaniel Dubose appeals from the District Court's[1] grant of summary judgment for Ford Motor Company (Ford) in his action under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e (1988 & Supp. V 1993). We affirm.
 
 
 2
 Dubose filed a complaint against Ford, alleging he was terminated because of his race, age, and personal life style. Ford moved for summary judgment, offering evidence that Dubose was fired, pursuant to a Reinstatement Waiver Agreement (RWA) he had signed, for arriving at work two and one-half hours late and for failing to wear safety glasses in violation of Ford's safety policy. Ford also showed Dubose was fired (but reinstated pursuant to the RWA) on several prior occasions for altering a medical leave slip, excessive absenteeism, and failing to wear safety glasses. Dubose responded that the RWA was invalid under Missouri employment discrimination law.
 
 
 3
 We affirm a grant of summary judgment "only if the record, when viewed in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable factual inferences, shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Weber v. American Express Co., 994 F.2d 513, 515 (8th Cir. 1993). Summary judgment is appropriate "if the plaintiff fails to establish a factual dispute on each element of the prima facie case." Id. at 515-16.
 
 
 4
 To establish a prima facie employment discrimination case based on disparate treatment, Dubose must prove: "1) he belongs to a protected class; 2) he was performing his job at a level that met the employer's legitimate expectations; 3) he was, nevertheless, fired; and 4) after the discharge, the employer sought an employee not in the protected class to perform the same work." Miner v. Bi-State Dev. Agency, 943 F.2d 912, 913 (8th Cir. 1991).
 
 
 5
 Ford's uncontroverted evidence showed that Dubose had not been performing his job at a level which met Ford's legitimate expectations. Although Dubose, who is black, hinted generally that some white employees failed to wear their safety glasses and were not fired, he did not specifically identify any similarly situated white employee who was treated differently. See Harlston v. McDonnell Douglas Corp., No. 93-3119, slip op. at 6 (8th Cir. Sept. 29, 1994) (holding that plaintiff failed to establish prima facie case of discrimination for summary judgment purposes because she could not identify any individuals outside of the protected class who were similarly situated and received better treatment). We hold that Dubose has failed to establish a factual dispute on each element of his prima facie case.
 
 
 6
 Dubose argues for the first time on appeal that Ford's basis for discharge was pretextual because the RWA violated federal law by diminishing his nonwaivable rights under the collective bargaining agreement. "As a general rule, [we] will consider a case only on the theory upon which it was tried in the district court." St. Louis Developmental Disabilities Treatment Ctr. Parents' Ass'n v. Mallory, 767 F.2d 518, 521 (8th Cir. 1985). In any event, we need not reach beyond Dubose's failure to present a prima facie case, and we conclude the District Court did not err in granting summary judgment. See Harlston, slip op. at 6-7.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri