48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Leroy JOHNSON, Appellant,
v.
Leo Ming, CHAIRMAN; John Callen, Exec. Director; St. Louis
County Housing Authority; Steven MC D. Campbell;
Carrie Bash; Robert J. Mahon; Walter R.
Tarpley; Barbara Tria,
Secretary, Appellees.
 No. 94-1259.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 31, 1995.
Filed: Feb. 10, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leroy Johnson appeals from the district court's[1] order granting summary judgment for defendants in his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-2000e17. We affirm.
 
 
 2
 In September 1991, Johnson, an African-American, was discharged from his employment as Deputy Director for the Kinloch Housing Authority. After obtaining a right-to-sue letter from the Equal Employment Opportunity Commission, Johnson commenced an action in the district court alleging that his discharge was racially motivated.[2] Defendants moved for summary judgment, arguing that Johnson had failed to establish a prima facie case of race discrimination, and that he was discharged for legitimate nondiscriminatory reasons, namely, gross insubordination, flagrant misconduct, falsifying expense reports, and being unable to work with others. Defendants submitted supporting affidavits and documents. After Johnson failed to respond, the district court granted defendants' summary judgment motion and denied Johnson's ensuing Federal Rule of Civil Procedure 59 motions for reconsideration.
 
 
 3
 On appeal, Johnson argues that the district court should not have granted summary judgment, because he established a prima facie case of race discrimination, and defendants failed to come forward with a legitimate nondiscriminatory reason for his discharge. We review de novo a grant of summary judgment and examine the record in the light most favorable to the nonmoving party. See Kobrin v. University of Minn., 34 F.3d 698, 701 (8th Cir. 1994). After such review of the record before the district court, we agree with the court that no genuine issue as to any material fact exists. See Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Even assuming Johnson established a prima facie case of race discrimination, defendants asserted legitimate nondiscriminatory reasons for his discharge which Johnson failed to show were a pretext for race discrimination. See Williams v. Ford Motor Co., 14 F.3d 1305, 1309 (8th Cir. 1994) (once employer asserts legitimate nondiscriminatory reason for discharge, plaintiff must show reason was pretext for discrimination); Miner v. Bi-State Dev. Agency, 943 F.2d 912, 913 (8th Cir. 1991) (elements of prima facie case of race discrimination; insubordination constituted nondiscriminatory reason to terminate employment). Thus, we conclude summary judgment was proper.
 
 
 4
 Johnson also argues that the district court abused its discretion by denying his motions for reconsideration. The district court refused to reconsider its order granting summary judgment, because Johnson failed to assert any valid reason for his inability to file a timely response to the summary judgment motion. We see no abuse of discretion here. See Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990) (standard of review).
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Johnson also asserted claims under 42 U.S.C. Secs. 1981, 1983, and 1985. Two of the claims were dismissed before defendants moved for summary judgment, and Johnson does not raise any of them as an issue on appeal in his appellate brief. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (issues not raised in brief considered abandoned)