**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN K. PARKER,
<u>Petitioner,</u>

v.

WESTMORELAND COAL COMPANY,

INCORPORATED; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
<u>Respondents.</u>

No. 96-1588

On Petition for Review of an Order
of the Benefits Review Board.
(95-1747-BLA)

Submitted: September 5, 1996

Decided: September 18, 1996

Before WIDENER and WILKINS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE AND RUNDLE, L. C., Pineville,
West Virginia, for Petitioner. Ann B. Rembrandt, JACKSON &
KELLY, Charleston, West Virginia; Christian P. Barber, Gary K.
Stearman, UNITED STATES DEPARTMENT OF LABOR, Wash-
ington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Parker, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) denial of his application for black lung benefits. In his ultimate decision in this case, the ALJ found the evidence of record insufficient to establish invocation of the interim presumption of entitlement pursuant to 20 C.F.R. § 727.203(a) (1996). On appeal, Parker's only challenge to the ALJ's finding of no invocation is his contention that the ALJ erred by failing to invoke the presumption based on the pulmonary function studies, pursuant to subsection (a)(2) of section 727.

Five of six valid studies of record produced non-qualifying values under the regulations, but the most recent study was qualifying. Parker contends that the ALJ should have credited the most recent study over the remaining studies, because pneumoconiosis is a progressive disease and the most recent study most accurately reflects the status of the miner's condition at the time of the hearing. It is clear, however, that the ALJ was not required to automatically accord greater weight to more recent evidence, see Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49, 52 (4th Cir. 1992), and that the ALJ could rationally find that because five of six valid studies were non-qualifying, Parker failed to establish invocation by a preponderance of such evidence. See Gray v. Director, Office of Workers' Compensation Programs, 943 F.2d 913, 920-21 (4th Cir. 1991).

As substantial evidence supports the ALJ's finding of no invocation, Parker's arguments on appeal concerning rebuttal are moot. See § 727.203. Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3