DONOVAN *v.* PENN SHIPPING CO., INC., ET AL.

No. 76–613.   Decided February 22, 1977

PER CURIAM.

The petitioner, while employed by the respondents as a seaman on the SS *Penn Sailor*, slipped on wet paint, injuring his right wrist and elbow.   He sued the respondents under the Jones Act, 46 U. S. C. § 688, and obtained a $90,000 verdict at his jury trial.   The respondents moved to set aside the verdict as excessive.   Fed. Rules Civ. Proc. 50, 59.   The District Court granted the motion, and ordered a new trial on damages unless the petitioner agreed to remit $25,000 of the $90,000 award.

After some time the petitioner submitted to the District Court a proposed order stating that he accepted "under protest" the reduced verdict of $65,000, but reserving nonetheless "his right to appeal therefrom."   This language was adopted by the District Court in entering a judgment for the petitioner in the amount of $65,000.

The petitioner sought appellate review of the District Court's decision to order a conditional new trial.   In so doing he asked the Court of Appeals for the Second Circuit to

discard the settled rule that a plaintiff who has accepted a remittitur may not appeal to seek reinstatement of the original verdict. The Court of Appeals refused the petitioner's invitation, and dismissed the appeal. 536 F. 2d 536.

The Court of Appeals properly followed our precedents in holding that a plaintiff cannot "protest" a remittitur he has accepted in an attempt to open it to challenge on appeal. A line of decisions stretching back to 1889 has firmly established that a plaintiff cannot appeal the propriety of a remittitur order to which he has agreed. *Kennon* v. *Gilmer*, 131 U. S. 22, 29–30 (1889); *Lewis* v. *Wilson*, 151 U. S. 551, 554–555 (1894); *Koenigsberger* v. *Richmond Silver Mining Co.*, 158 U. S. 41, 52 (1895); *Woodworth* v. *Chesbrough*, 244 U. S. 79, 82 (1917).

There are decisions in the Federal Courts of Appeals that depart from these unbroken precedents. Those decisions held or intimated that a plaintiff who accepts a remittitur "under protest" may challenge on appeal the correctness of the remittitur order. See, *e. g., Bonn* v. *Puerto Rico Int'l Airlines, Inc.*, 518 F. 2d 89, 94 (CA1 1975); *United States* v. *1160.96 Acres of Land*, 432 F. 2d 910 (CA5 1970); *Gorsalitz* v. *Olin Mathieson Chemical Corp.*, 429 F. 2d 1033 (CA5 1970); *Steinberg* v. *Indemnity Ins. Co. of North America*, 364 F. 2d 266 (CA5 1966); *Delta Engineering Corp.* v. *Scott*, 322 F. 2d 11, 15 (CA5 1963). Other decisions have suggested that when entertaining cases pursuant to its diversity jurisdiction, a federal court should look to state practice to determine whether such an appeal is permitted. See *Burnett* v. *Coleman Co.*, 507 F. 2d 726 (CA6 1974); *Manning* v. *Altec, Inc.*, 488 F. 2d 127 (CA6 1973); *Mooney* v. *Henderson Portion Pack Co.*, 334 F. 2d 7 (CA6 1964).

The proper role of the trial and appellate courts in the federal system in reviewing the size of jury verdicts is, however, a matter of federal law, see *Hanna* v. *Plumer*, 380 U. S. 460, 466–469 (1965); *Byrd* v. *Blue Ridge Rural Electric Coop.*,

356 U. S. 525 (1958), and that law has always prohibited appeals in the situation at bar. The Court of Appeals for the Second Circuit correctly adhered to the consistent rule established by this Court's decisions. In order to clarify whatever uncertainty might exist, we now reaffirm the longstanding rule that a plaintiff in federal court, whether prosecuting a state or federal cause of action, may not appeal from a remittitur order he has accepted.

The petition for a writ of certiorari is granted, and the judgment is affirmed.

*So ordered.*

THE CHIEF JUSTICE and MR. JUSTICE BLACKMUN would grant the petition for certiorari but would have the case argued and given plenary consideration rather than disposed of summarily.