**Donald A. KRAHN, Plaintiff-Appellant,**

v.

**B. F. GOODRICH COMPANY and B. F. Goodrich Tire Company, Defendants-Appellees.**

No. 77–1626

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1977.

John Judge, Amarillo, Tex., for plaintiff-appellant.

L. A. White, Charles E. Moss, Amarillo, Tex., for defendants-appellees.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

GOLDBERG, Circuit Judge:

The appellant, Donald A. Krahn, was injured when a tire manufactured by the appellees exploded as he was attempting to inflate it. Krahn filed suit in federal district court. On April 30, 1976, the jury returned a verdict finding appellee liable and awarding Krahn $39,700 in damages. Appellees timely filed a motion for new trial or, in the alternative, a remittitur. On February 9, 1977, the trial court entered an order conditionally granting appellees' motion for new trial. The trial court found that the verdict in favor of Krahn was excessive by the amount of $16,600 and ordered appellees' motion for new trial granted unless Krahn agreed to a remittitur in that amount. Krahn accepted the remittitur under protest and filed his notice of appeal on March 7, 1977. On March 21, 1977, appellees tendered the sum of $24,-928.41, representing judgment in the amount of $22,100 with interest thereon pursuant to the trial court's order of remittitur. Krahn accepted the tender pursuant to the court's order of March 29, 1977, which provided that this sum would be paid and accepted without prejudice to Krahn's appeal on the question of the remittitur.

We need not reach the merits of Krahn's appeal. On February 22, 1977, the Supreme Court announced that "a plaintiff in federal court, whether prosecuting a state or federal cause of action, may not appeal from a remittitur order he has accepted." *Donovan v. Penn Shipping Co., Inc.,* 429 U.S. 648, 97 S.Ct. 835, 837, 51 L.Ed.2d 112 (1977). Although this court had followed a contrary rule, *see United States v. 1160.96 Acres of Land in Homes County, Mississippi,* 432 F.2d 910 (5th Cir. 1970); *Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033 (5th Cir. 1970), the Court's decision in *Donovan* controls the disposition of the case at bar. Accordingly, the appeal is

DISMISSED.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.