**AARO, INC., and Allen Rosenblum, Plaintiffs-Appellants,**

v.

**DAEWOO INTERNATIONAL (AMERI-CA) CORP., a New York Corporation, Defendant-Appellee.**

No. 84–8584.
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 4, 1985.

Barry L. Katz, Richard H. Siegel, Atlanta, Ga., for plaintiffs-appellants.

Tom Pye, W. Tray Carter, Doraville, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge:

The primary issue presented in this motion is whether a plaintiff who has consented to a remittitur order may appeal parts of the judgment that are unrelated to the order. We answer this question in the affirmative, and therefore deny the defendant's motion to dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

In 1977, Aaro, Inc. ("Aaro"), agreed to sell on commission footwear manufactured by Daewoo International (America) Corporation ("Daewoo"). Allen Rosenblum was the principal stockholder and employee of Aaro. From November, 1980, through March, 1981, Rosenblum travelled throughout Aaro's sales territory, soliciting orders for Daewoo footwear. During this period, Rosenblum submitted to Daewoo, and Daewoo accepted, orders totalling at least $956,000.[1] Rosenblum's travel expenses for this period were approximately $20,000. Some time later, Daewoo notified Aaro's customers that, because of production difficulties, Daewoo would be unable to fill and ship the orders on time. As a result, all but two of the customers cancelled their orders.

Aaro and Rosenblum filed this diversity action against Daewoo, seeking (1) the unpaid commissions for all of the orders filed between November, 1980, and March, 1981, (2) the travel expenses incurred by Rosenblum during that period, and (3) compensation for the damage to Rosenblum's commercial reputation caused by Daewoo's inability to fill and ship the orders. Daewoo moved for summary judgment on the plaintiffs' claims for (1) the commissions for the orders that were not shipped, and (2) the travel expenses. On August 11, 1983, the district court ruled that the plaintiffs became entitled to commissions only upon shipment of the orders by Daewoo. The court therefore granted Daewoo's motion for summary judgment as to the commis-

---

1. The plaintiffs' complaint alleged that Rosenblum submitted to Daewoo orders in excess of $2,000,000. In an amended answer to the plain-

tiffs' interrogatories, Daewoo contended that the total amount of unfilled orders placed by the plaintiffs was $956,033.20.

sions for the orders that were not shipped, but denied the motion as to the travel expenses. The plaintiffs requested that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court enter final judgment on the basis of an express finding that there was no just reason for delay, thereby permitting an immediate appeal of the grant of summary judgment in favor of Daewoo. The court declined to do so.

The case went to trial on the remaining claims, including (1) the unpaid commissions for the two orders that actually were shipped, (2) the travel expenses, and (3) the damage to Rosenblum's commercial reputation. The jury returned a verdict awarding the plaintiffs $57,000 in contract damages and $10,000 in punitive damages.[2] The court then granted Daewoo's motion for judgment notwithstanding the verdict, striking the award of punitive damages. In addition, the court ruled that unless the plaintiffs agreed to a remittitur order reducing the contract damages from $57,000 to $6,000,[3] a new trial would be required on the issue of damages. The plaintiffs consented to the remittitur order, and, on July 13, 1984, the court entered final judgment for the plaintiffs in the amount of $6,000, plus interest and costs.

Aaro and Rosenblum now appeal the court's order granting summary judgment in favor of Daewoo as to the commissions for the orders that were not shipped. Daewoo argues that the appeal should be dismissed on the grounds that it is either (1) untimely, because the notice of appeal was not filed until some thirteen months after the order appealed from, or (2) barred, because Aaro and Rosenblum consented to the remittitur order.

## II. TIMELINESS

■ Daewoo's argument that the appeal is untimely requires little discussion. The order granting summary judgment failed to resolve all of the claims asserted by the plaintiffs against Daewoo. Because the order did not terminate the action, and because the court refused to enter final judgment on the order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the order was not immediately appealable. *See Gould v. Control Laser Corp.*, 650 F.2d 617, 619–20 (5th Cir. Unit B 1981);[4] *Bailey v. McCann*, 539 F.2d 501, 502 (5th Cir. 1976), *on reh'g*, 550 F.2d 1016 (1977);[5] 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2715, at 626–27 (2d ed. 1983) ("[U]nless the court makes its order final under Rule 54(b), the grant of a summary judgment on less than the entire litigation normally is not appealable until the full case reaches judgment."). Because the order granting summary judgment was an interlocutory order not appealable as of right, the order was merged into the final judgment and is open to review on appeal from that judgment. *See Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co. of Texas*, 511 F.2d 1073, 1077 (10th Cir.1975); *Roth v. Hyer*, 142 F.2d 227, 228 (5th Cir.), *cert. denied*, 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573 (1944). We therefore reject the argument that the plaintiffs' appeal is untimely. *See Fireman's Fund Ins. Co. v. Joseph J. Biafore, Inc.*, 526 F.2d 170, 172–73 (3d Cir.1975); *Century Investment Corp. v. United States*, 277 F.2d 247, 250 (9th Cir.1960).

## III. CONSENT TO THE REMITTITUR ORDER

■ Daewoo also contends that the appeal should be dismissed because the plain-

---

**2.** The jury awarded no damages to the plaintiffs for the travel expenses or the harm to Rosenblum's commercial reputation.

**3.** The $6,000 figure represented the court's calculation of the unpaid commissions due the plaintiffs for the orders that actually were shipped by Daewoo.

**4.** Decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981, are binding precedent in this circuit. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

**5.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

tiffs consented to the remittitur order. This contention is based on a misapplication of *Donovan v. Penn Shipping Co., Inc.*, 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977). In *Donovan*, the Supreme Court reaffirmed "the longstanding rule that a plaintiff ... may not appeal from a remittitur order he has accepted." *Id.* at 650, 97 S.Ct. at 837; *see Higgins v. Smith Int'l, Inc.*, 716 F.2d 278, 282 (5th Cir.1983); *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 205 (4th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983), —— U.S. ——, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984); *Westerman v. Sears, Roebuck & Co.*, 577 F.2d 873, 883 (5th Cir.1978); *Krahn v. B.F. Goodrich Co.*, 559 F.2d 308, 308 (5th Cir.1977). Here, however, the plaintiffs do not object to the district court's determination that the unpaid commissions for the orders that actually were shipped totalled $6,000 instead of $57,000, nor do they contest the court's power to enter the remittitur order. In other words, the plaintiffs do not appeal *from the remittitur order*. Rather, the plaintiffs appeal from the order granting summary judgment in favor of Daewoo, an order completely unrelated to the remittitur order. Hence, the instant case is not governed by *Donovan*, and the plaintiffs' appeal is proper.[6] *See* 6A J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice ¶ 59.08[7], at 59–205 to –206 (2d ed. 1984) ("The Supreme Court has reaffirmed the rule, stated in its early decisions, that a plaintiff in federal court may not appeal from a remittitur order he has accepted.... A plaintiff may, however, appeal from other parts of the judgment."); *cf. Ohio-Sealy Mattress Mfg. Co. v. Sealy Corp.*, 585 F.2d 821, 843–45 (7th Cir.1978) (plaintiff appealed from denial of equitable relief; appellate court reversed without discussing fact that plaintiff had consented to remittitur order as to damages), *cert. de-*

*nied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979).

For the foregoing reasons, the defendant's motion to dismiss the appeal is DENIED.

---

6. We note in passing that Daewoo's argument would lead to the conclusion that the district court's order granting summary judgment would be appealable by the plaintiffs only after a new trial on the damages issue, despite the fact that neither party contests the court's resolution of the damages issue. Such a result would be illogical and a waste of judicial resources.