Jose **ZAYAS–GREEN**, Plaintiff,

v.

Sergio **CASAINE**, personally and as President or Vice President of Puerto Rico Marine Management, Inc., Esteban Davila, personally and in his official capacity as Executive Director of Puerto Rico Maritime Shipping Authority, Puerto Rico Marine Management, Inc., Defendants.

Civ. No. 85–0891CC.

United States District Court, D. Puerto Rico.

June 26, 1989.

**16**

A.J. Amadeo–Murga, Hato Rey, P.R., for plaintiff.

Ramírez & Ramírez, Hato Rey, P.R., for defendant Davila.

Mayo & Mayo, Santurce, P.R., for defendant Casaine.

## OPINION AND ORDER

CEREZO, District Judge.

The case is before the Court on plaintiff's Motion Requesting that Court Issue a Remittitur Order. Plaintiff requests that he be afforded the choice of accepting a remittitur of what the court considered the excessive portion of that award for compensatory damages, or proceeding to the new trial ordered on September 1, 1988. On that date, the Court found that the evidence presented at trial did not support the amount of $400,000 awarded as compensatory damages, and, accordingly, vacated the award.

Remittitur is a practice used in connection with civil cases tried by jury, whereby the court may grant the plaintiff an election to remit a stated portion of the amount awarded as damages, or submit to a new trial. This practice goes back to the opinion of Justice Story, sitting on circuit, in *Blunt v. Little*.[1] Its use in jury cases has become so widespread and has had the apparent approval of so many Supreme Court cases,[2] that the remittitur practice has become settled and uniformly accepted by the federal courts. *See generally* Wright & Miller, *Federal Practice and Procedure:* Civil § 2815 (1973 ed.); 6A Moore's *Federal Practice*, Par. 59.08[7].

If the plaintiff agrees to the remittitur, judgment is entered for the reduced amount.[3] If he refuses to remit the stated portion of the damages, there must then be a new trial. On appeal from a judgment following the second trial, plaintiff may claim that the court erred in setting aside the original verdict as excessive. But if the plaintiff agrees to remit a portion of the damages, even under protest, he may not later appeal the propriety of the remittitur. *Donovan v. Penn Shipping Co., Inc.*, 429 U.S. 648, 650, 97 S.Ct. 835, 837, 51 L.Ed.2d 112 (1977).

The court has reviewed the whole record, particularly the testimony given by the plaintiff, Mr. José Zayas–Green. As we stated in our September 1, 1988 Order, the record does not support, even in the light most favorable to plaintiff, an award of $400,000 as compensatory damages. We have found no definite standard by which to guide our exercise of discretion in determining the excessive compensatory damages. We have found no definite standard by which to guide our exercise of discretion in determining the excessive amount that may be offered as a choice to the plaintiff to be remitted from the verdict. Some courts have adopted the standard that the amount remitted should reduce the verdict to the lowest amount that could reasonably

---

**1.** 3 Fed.Cas. 760, No. 1578 (C.C.D.Mass.1822).

**2.** *Dimick v. Schiedt*, 293 U.S. 474, 483–85, 55 S.Ct. 296, 299–300, 79 L.Ed. 603 (1935).

**3.** *Arkansas Val. Land & Cattle Co. v. Mann*, 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854 (1889).

be found by a jury. Moore has explained this standard as one that is "apparently based on the theory that as the defendant has no option but to accept the remitted verdict the utmost consideration should be given to him; the plaintiff, if not satisfied with the result, may elect to have a new trial." Moore's, *supra,* at 59–195. Wright explains this theory in terms that "the award of any greater sum deprives the defendant of his right to a jury trial." Wright, *supra,* at 104.

At the other end of the spectrum, some courts have expressed the view that the remitted amount should reduce the verdict only to the maximum that would be upheld by the trial court as not excessive, "on the theory that the jury intended to award the plaintiff the maximum legal damages and the court should not invade the province of the jury except to reduce the amount of the verdict to that point." Moore's, *supra,* at 59–195–197 (omitted cites). Wright is of the opinion that "[t]his is the only theory that has any reasonable claim of being consistent with the Seventh Amendment." Wright, *supra,* at 104–05 (omitted cites).

■ The majority of cases do not disclose whether the court has guided its discretion under any of these standards. Instead, courts seem to fix the amount somewhere between these two extremes: an amount that Professor Moore describes as one that "a proper functioning jury should have found." We are of the opinion that this standard strikes a proper balance between the court's supervisory powers, judicial economy, and Seventh Amendment's command that no fact tried by jury shall be re-examined other than according to the rules of the common law. As explained by Moore at pp. 59–197–198:

> This intermediate position gives the defendant the benefit of the full supervisory power of the trial court, and yet the plaintiff has his option to refuse to remit. And it moderately serves the function of remittitur aimed at avoiding the judicial waste of a new trial, for the plaintiff still

has a strong incentive to remit. If, on the other hand, the trial court fixes the residue at the lowest amount that it would permit a verdict to stand, this constitutes a considerable intrusion upon the jury's function and the plaintiff's incentive in remitting is reduced to a minimum. True, if the court adopts the other extreme position and orders a remittitur of only the amount which exceeds the very maximum of recovery that it would uphold, the plaintiff has a very strong incentive to accept the option of remittitur. But the defendant, who has no option, does not have the benefit of the trial court's seasoned judgment as to an amount that is ample and yet thoroughly fair. The intermediate position effects a fair and practicable adjustment.

This intermediate position is particularly fair when the items of damages in a particular case are not susceptible of being placed in neat compartments, and specially when one of the items relates to mental and emotional damages. Moreover, the difficulty in determining what is the maximum or the minimum of legal damages that may be awarded by a jury in certain cases reveals how unworkable are these two extreme standards. This reality of jury trial is evidenced by the broad discretion that juries and the trial judge are accorded in setting and reviewing damage awards, recognizing that recovery for grief poses special problems for reviewing courts.[4]

■ The Court has conducted a thorough review of the record, particularly the testimony of plaintiff in view of the allegations of all the parties and in light of all the evidence presented at trial and considered by the jury, and has applied a reviewing standard that strikes the best balance between the interest of all the parties involved and judicial economy. After undertaking this function, the Court hereby ORDERS that a new trial on the issue of compensatory damages will be held unless plaintiff Mr. José Zayas–Green states for

---

4. *Bonn v. Puerto Rico International Airlines, Inc.,* 518 F.2d 89, 94 (1st Cir.1975) and cases cited therein.

the record within twenty (20) days after notice that he will agree to remit $280,000 of the amount, and registering his consent that the Court enter judgment in the amount of $120,000 as compensatory damages.

SO ORDERED.