15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Francis S.L. WANG, Plaintiff-Appellee-Cross-Appellant,
v.
Paul HSU, C.V. Chen, Kwan Tao Li, and Lee and Li, a
partnership, Defendants-Appellants-Cross-Appellees.
 Nos. 91-16019, 91-1616:.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided Dec. 7, 1993.
 
 1
 Before BROWNING and CANBY, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendants-Appellants-Cross-Appellees Paul Hsu, C.V. Chen, Kwan Tao Li, and Lee and Li, a partnership, (collectively Appellants) appeal from the judgment of the district court denying their motion for judgment notwithstanding the verdict or a new trial and upholding the jury verdict as modified and remitted. Appellants contend the judgment below must be reversed for the following reasons: (1) there was insufficient evidence to support the jury's finding that the parties entered into a partnership agreement under which Plaintiff-Appellee-Cross-Appellant Francis S.L. Wang became an equity partner in the firm Lee and Li; (2) testimony of Wang's expert witness on partnership was erroneously admitted; (3) the jury's finding of wrongful repudiation is irreconcilable with its finding of no bad faith in Appellants' denial of liability; (4) the damages awarded for wrongful repudiation are unsupported by the evidence; (5) Wang should have been precluded from recovering under the doctrine of "unclean hands" because the jury found him liable for fraud and deceit; (6) the damages awarded to Wang, even as remitted, are excessive; (7) the damages awarded to them are inadequate; (8) the district court erred in dismissing their demand for an accounting; and the district court erred in denying, without an evidentiary hearing, their motion for new trial due to alleged juror misconduct.
 
 
 4
 Wang cross-appeals, claiming the district court erroneously struck the jury's award of damages for breach of contract and for fraud and deceit and attacking some aspects of the remittitur.
 
 
 5
 We affirm.
 
 DISCUSSION
 I. THE APPEAL
 
 6
 The parties are familiar with the facts and procedural history of the case, and we do not repeat that information here.
 
 
 7
 The district court addressed all of the issues raised by Appellants in an exceptionally thorough 124-page opinion and order, dated March 1, 1991. In addition, the juror misconduct issue received even more in-depth treatment in the district court's 45-page order, dated September 4, 1990.
 
 
 8
 On the whole, we find the district court's treatment of the issues raised by Appellants exemplary, and we affirm on the grounds set forth in the district court's opinion and order of March 1, 1991 and order of September 4, 1990. We add only a few brief remarks concerning the district court's refusal to bar Wang's recovery under the so-called "unclean hands" doctrine.
 
 
 9
 Applying, as we must, the law of California, we review the district court's decision not to apply the doctrine of "unclean hands" for an abuse of discretion. Health Maintenance Network v. Blue Cross, 249 Cal.Rptr. 220, 232 (Cal.Ct.App.2d Dist.1988). The "unclean hands" doctrine generally proscribes recovery where allowing recovery by one party would aid in the commission of a fraud by that party. Burton v. Sosinsky, 250 Cal.Rptr. 33, 40 (Cal.Ct.App. 5th Dist.1988). However, California courts readily reject the invocation of the "unclean hands" doctrine when application of the doctrine would produce an inequitable result. Blue Cross, 249 Cal.Rptr. at 232. In determining whether to apply the "unclean hands" doctrine in a given case, California courts look to the nature of the misconduct at issue and the misconduct's equitable impact on the relationship between the parties and the injuries claimed. E.g., Unilogic v. Burroughs, 12 Cal.Rptr.2d 741, 745 (Cal.Ct.App. 6th Dist.1992); Vacco v. Van Den Berg, 6 Cal.Rptr.2d 602, 613 (Cal.Ct.App.2d Dist.1992).
 
 
 10
 There can be no question that the district court acted within its sound discretion in rejecting the finding of infringement as a basis for the "unclean hands" doctrine. That misconduct was essentially collateral to the central dispute over the partnership agreement. More importantly, the jury found Wang breached his fiduciary duty and committed acts of fraud against Appellants. After considering in detail the jury's findings and the record at trial, the district court concluded that Wang's misconduct was substantially dissimilar from that of Appellants both in terms of the misconduct's nature and its magnitude. In particular, the district court noted that throughout the parties' eight-year contractual relationship Appellants wrongfully repudiated the relationship on its most basic level, systematically depriving Wang of his rightful share of partnership income and of access to partnership records. In contrast, Wang's misuse of partnership assets occurred late in the relationship and appeared to have the character of defensive reactions or countermeasures to Appellants' misconduct. The district court also noted the vast difference in the scale of funds the respective parties mishandled.
 
 
 11
 Weighing these factors, the district court concluded that application of the "unclean hands" doctrine in this case would produce an inequitable result. Given the relatively minor character of Wang's wrongs and their marginal relation to the heart of the action--whether Appellants wrongfully denied the existence of the partnership agreement they entered into with Wang and wrongfully deprived him of his rights under that agreement--we cannot say the district court abused its discretion in deciding not to bar Wang's recovery under the "unclean hands" doctrine.
 
 II. THE CROSS-APPEAL
 
 12
 On cross-appeal, Wang attacks (1) elements of the district court's remittitur of damages and (2) the district court's disallowance of the jury awards under Wang's breach of contract and fraud and deceit causes of action. To begin with, it is axiomatic a "plaintiff cannot contest the validity of a remittitur to which he has consented, even on a cross-appeal." 999 v. C.I.T. Corp., 776 F.2d 866, 873 (9th Cir.1985); Donovan v. Penn Shipping Co., 429 U.S. 648, 650 (1977); Denholm v. Houghton Mifflin Co., 912 F.2d 357, 359 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2814 (1991). Wang, of course, accepted the remittitur below. Thus, we need not concern ourselves with his attacks on the district court's remittitur of damages.
 
 
 13
 The parties dispute whether the district court subsumed its disallowance of those two awards within the remittitur and whether, if it did, doing so is permissible. We need not address the latter question, as the opinion and order of March 1, 1991 expressly limits its scope to the $15,620,000 judgment that remained after the breach of contract and fraud and deceit awards had been stricken. See Opinion and Order Re Defendants' Motion for Judgment Notwithstanding the Trial; for New Trial; or In the Alternative for Remittitur 69 (Mar. 1, 1991). Thus, the district court's decision to strike the jury's discrete awards of damages for the breach of contract and fraud and deceit causes of action is appealable. Denholm, 912 F.2d at 359.
 
 
 14
 The district court struck the jury awards for breach of contract and fraud and deceit on the ground either would constitute double recovery for the same injury. In reaching this conclusion, the district court reconciled Gherman v. Colburn, 72 Cal.App.3d 544, 564-65, 140 Cal.Rptr. 330, 343 (Cal.Ct.App. 2d Dist.1977), which expressly permits the pleading of tort, contract, and equitable remedies in a wrongful repudiation case, with the general rule that a party may not receive double recovery for a single injury, see 18 C.A. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4476 at 775 (1981). On cross-appeal, the parties heatedly dispute whether Gherman goes so far as to authorize or preclude recovery under multiple theories. We think the court in Gherman neither authorized nor precluded recovery under multiple theories. And, as it was not confronted with multiple recovery we doubt that the court in Gherman intended to work a change in the general rule regarding double recovery. The dictum at 72 Cal.App.3d 564 n. 12, 140 Cal.Rptr. 343 n. 12, intimating that the alternative remedies pleaded in a wrongful repudiation case are "cumulative," simply does not resolve the issue. Consequently, we conclude the district court did not err in applying the general rule against double recovery.
 
 
 15
 Moreover, upon review of the record below, we conclude the district court correctly considered the awards for breach of contract and for fraud and deceit to be duplicative of the award for breach of fiduciary duty. It is clear from the record, e.g., Jury Instruction Nos. 25, 40, and 88, that the three causes of action were based entirely on the same conduct. The case was presented to the jury in such a manner as to indicate Wang suffered a set of continuing injuries properly attributed to one ongoing wrong, which could be characterized in several ways. Thus, we hold the district court properly struck the jury's awards for breach of contract and fraud and deceit as duplicative of the award for breach of fiduciary duty.
 
 CONCLUSION
 
 16
 For the reasons set forth above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3