88 F.3d 1278
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Linda S. LEWIS, Appellant,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.
 No. 95-7217.
 United States Court of Appeals, District of Columbia Circuit.
 May 28, 1996.
 
 Before: EDWARDS, Chief Judge, and SILBERMAN and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Linda S. Lewis was injured when a Washington Metropolitan Area Transit Authority (WMATA) metrobus stopped suddenly, throwing her to the floor. No one else in the bus was injured, and appellant subsequently took another bus and then walked to work. She later experienced various pains and difficulties, however, that led to a series of treatments by several doctors over the course of more than a year. She eventually sued WMATA, claiming it had not properly maintained the bus' brakes. During the trial, which took place in 1992, WMATA objected to testimony on causation from the doctor who had operated on Lewis' wrist, claiming it had not received a FED.R.CIV.P. 26(b)(4) letter putting it on notice that the doctor would so testify. The court sustained the objection. App. 62-63. WMATA subsequently objected to the admission into evidence of the doctor's bills, again claiming that since no causation had been shown, the bills for the wrist injury were unrelated. But the court overruled the objection, noting that Lewis had testified that she hurt her wrist and that the jury could decide. App. 106-07. The jury returned a verdict in Lewis' favor for $750,000.
 
 
 5
 WMATA moved for a retrial on damages, or in the alternative a remittitur. The district court granted WMATA's motion, and reduced the award to $300,000. It determined that since the medical bills and lost wages amounted at most to about $100,000, and the facts did not indicate a serious or traumatic injury, the apparent award of $650,000 for emotional suffering was clearly excessive. Lewis accepted the remitted verdict.
 
 
 6
 WMATA appealed the judgment, conceding liability but claiming that causation had not been shown for the injuries to the wrist since there was no expert testimony to that effect. Lewis did not file a cross-appeal or otherwise challenge the remittitur. We agreed with WMATA that the wrist injury required expert testimony because it was not within lay comprehension and did not qualify for any exception. And we determined that "the record fails to disclose any medical evidence indicating that the accident caused the injury to Lewis's wrist." Lewis v. WMATA, 19 F.3d 677, 680 (D.C.Cir.1994). We therefore vacated the award and remanded for a new trial on damages alone.
 
 
 7
 In the 1995 retrial, in which Lewis' doctor testified to causation, the jury awarded Lewis $29,532. Lewis moved for a retrial on damages, or alternatively for additur. The district court denied the motions. It rejected the motion for additur as impermissible under the Seventh Amendment, citing Dimick v. Schiedt, 293 U.S. 474 (1935), and noted that in any event, additur would be inappropriate. It also determined that the damages were reasonable given the conflicting medical evidence before the jury; the prior remitted verdict did not show that this verdict was unreasonable because the remitted verdict represented only a ceiling, not a floor.
 
 
 8
 Lewis appeals the district court's denial of her motions, but she does not in fact challenge the propriety of the 1995 verdict or the district court's decision. Instead, her entire argument focuses on the 1992 trial, and seeks reinstatement of the original jury verdict of $750,000 or alternatively of the remitted verdict of $300,000. Lewis contends that the district court in 1992 abused its discretion in remitting the verdict. She also alleges that the court erred in sustaining WMATA's objection to the testimony on causation, thereby precipitating this chain of events which unfairly deprived her of the original verdict. It is claimed that there is "new" information on the Rule 26(b)(4) issue--letters written by Lewis' counsel to WMATA's counsel prior to the 1992 trial relating to the doctor's testimony--showing that WMATA was on notice of the causation testimony and therefore that the district court's ruling was incorrect. And it is further argued that WMATA effectively waived the issue of causation when the medical bills were admitted into evidence without objection.
 
 
 9
 WMATA responds that all of these claims are barred by the law of the case since appellant attacks only the 1992 trial and not the 1995 trial. Lewis is barred as a matter of law from seeking reinstatement of the original verdict because she accepted the remittitur. Donovan v. Penn Shipping Co., 429 U.S. 648, 649-50 (1977). And the remitted verdict itself cannot be challenged, because the claim that the district court abused its discretion in remitting the verdict seeks to modify the 1992 judgment and therefore should have been cross-appealed from that judgment. See FED.R.APP.P. 4(a); Freeman v. B & B Assoc., 790 F.d. 145, 150-51 (D.C.Cir.1986). Lewis' claims regarding causation in particular--whether it was sufficiently proved and whether the district court erred in excluding the testimony--were settled by this court's opinion in 1994. And appellant has not given any reason for this court to depart from its opinion, i.e., there is no error, and merely losing a former damages award is not manifest injustice. Alliance for Cannabis Therapeutics v. Drug Enforcement Admin., 15 F.3d 1131, 1134-45 (D.C.Cir.1995). As to the merits, WMATA argues that the 1992 trial judge did not abuse his discretion in remitting the verdict, because he clearly understood the relevant standard and explained how the evidence at trial supported his decision.
 
 
 10
 Lewis objects, however, that the law-of-the-case doctrine does not bar her appeal because our prior decision was clearly erroneous and resulted in manifest injustice. Our decision erroneously failed to consider relevant evidence on causation itself and on the actual availability of expert testimony in the first trial, e.g., the letters from Lewis' counsel. And the loss of the original damage award is a grave injustice because it stemmed from WMATA counsel's and the district judge's errors. Emphasizing that the law of the case is prudential rather than jurisdictional, Lewis therefore contends that we can revisit the propriety of our earlier decision and the 1992 district court rulings.
 
 
 11
 We agree with WMATA, however, that since Lewis challenges only the 1992 trial, and not the 1995 trial, her claims are barred, either because already decided by this court or because waived by the failure to raise them in 1992. See Alliance for Cannabis, 15 F.3d at 1134-45; Laffey v. Northwest Airlines, Inc., 642 F.2d 578, 585 (D.C.Cir.1980). Our 1994 decision clearly determined that expert testimony on causation was necessary, but was lacking in the 1992 trial, so the original damage award and remitted verdict were not sustainable, and cannot now be reinstated. And any issues regarding the damages or the testimony on causation were sufficiently related that they should have been raised by Lewis in the first appeal. Lewis has given us no reason to believe our prior decision was erroneous, apart from her new evidence on the Rule 26(b)(4) issue. But this evidence should have been raised in the first appeal because it is not in fact "new"--the letters were written by Lewis' counsel prior to the 1992 trial--and there is no excuse for appellant's failure to raise it. The general injustice of "losing" her former verdict is also not a sufficient justification for overturning our prior decision. The district court's judgment is
 
 
 12
 Affirmed.