117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INDUSTRIAL INDEMNITY, a California stock insurance company,
Plaintiff-Appellee, Cross-Appellant,
v.
ROBERT L. HELMS CONSTRUCTION AND DEVELOPMENT CO., INC., a
Nevada corporation, Defendant-Appellant, Cross-Appellee.
 Nos. 95-15345, 95-15357.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1997.
July 3, 1997.
 
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. Denial of Motion for New Trial
 
 2
 The district court did not abuse its discretion in denying Industrial Indemnity's motion for a new trial pursuant to Fed.R.Civ.P. 59 because there was sufficient evidence as to waiver and estoppel to support the jury's finding of waiver.
 
 
 3
 Industrial assumed and conducted Helms' defense in both the Lockwood-Gunn class action and the Seeno indemnity action for over two years without disclaiming liability or reserving its rights under either the primary or the umbrella policy. When asked for a copy of "any" reservation of rights letter Industrial had issued, Industrial responded in a letter that referred to both the primary policy and the umbrella policy that Industrial was not disputing that coverage was available to Helms and that "[t]here has been no reservation of rights letter written to Helms by or on behalf of Industrial." Industrial did not state that it was providing a defense only under the primary policy, or that it was reserving any rights under either the primary or the umbrella policy.
 
 
 4
 Furthermore, at a court-ordered settlement conference, the insurers were asked to state what the insurance policies were and what the limits were. Industrial stated that its policy limits were $500,000 under a primary policy and $10 million under an umbrella policy. Again, Industrial did not state that it was reserving any rights under either the primary or umbrella policy.
 
 
 5
 Finally, the settlement demands in both the class action and the indemnity action exceeded the Industrial primary policy limits, putting Industrial on notice that the primary policy limits might be exceeded and that the umbrella policy would come into play. Despite this notice, Industrial continued to provide Helms an unqualified defense, never alerting Helms that it intended to dispute coverage under either the primary or the umbrella policy.
 
 
 6
 B. Remittitur of the $30 Million Punitive Damages Award
 
 
 7
 The district court erred when it reduced the jury's punitive damage award of $30 million to $6 million without giving Helms the option of accepting the remittitur or having a new trial on the punitive damages issue. See Central Office Tel., Inc. v. American Tel. & Tel. Co., 108 F.3d 981, 993 (9th Cir.1997) ("Upon motion for a new trial, a trial court, finding a verdict excessive may either order a new trial or deny the motion conditional on the party accepting a remittitur."); Morgan v. Woessner, 997 F.2d 1244, 1257 (9th Cir.1993) (When a district court rejects a jury award of punitive damages, "it should give the plaintiff the option of a remittitur or a new trial on the punitive damage issue.").
 
 
 8
 Furthermore, there is no evidence that Helms "accepted" the remittitur. Therefore, Helms did not waive its right to raise this issue on appeal. See Donovan v. Penn Shipping Co., Inc., 429 U.S. 648, 649 (1977).
 
 
 9
 C. Attorneys' Fees Under Nev.Rev.Stat. § 18.010
 
 
 10
 There were issues as to whether any damage had even occurred during the Industrial policy period and whether the doctrines of waiver or estoppel applied. The fact that the district court denied Helms' summary judgment motions on the issues of waiver and estoppel supports a finding of reasonableness of Industrial's defense. The district court's refusal to award attorneys' fees was therefore not an abuse of discretion.
 
 CONCLUSION
 
 11
 The district court's denial of the motion for new trial or judgment as a matter of law and denial of attorneys' fees is AFFIRMED. The district court's remittitur of the punitive damages award is VACATED and REMANDED with instructions to give Helms the option of either accepting the remittitur or having a new trial on the punitive damages issue.
 
 
 12
 AFFIRMED in part, VACATED and REMANDED in part. No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3