*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0147P (6th Cir.)
File Name: 01a0147p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ARTHUR W. ANDERSON,
JERRY HOLLINGSWORTH,
    *Plaintiffs-Appellees/*
    *Cross-Appellants*
    *(99-5356/5359),*

       *v.*

EDWIN S. ROBERSON, General
Partner, CONWOOD
COMPANY, a Limited
Partnership through General
Partner, John S. Wilson,
    *Defendants-Appellants*
    *(99-5355)/*
    *Cross-Appellees,*

DAVID J. COCKE, H. STEPHEN
BROWN, General Partner,
    *Defendants-Appellees.*

Nos. 99-5355/
5356/5359

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 94-02967—Bernice B. Donald, District Judge.

1

Argued:  September 19, 2000

Decided and Filed:  May 4, 2001

Before:  BATCHELDER and COLE, Circuit Judges;
GRAHAM, District Judge.[*]

_____

**COUNSEL**

**ARGUED:**  Leo M. Bearman, Jr., BAKER, DONELSON, BEARMAN & CALDWELL, Memphis, Tennessee, Richard Glassman, GLASSMAN, JETER, EDWARDS & WADE, Memphis, Tennessee, for Defendants.  Warner Hodges III, HODGES LAW FIRM, Germantown, Tennessee, for Plaintiffs.  **ON BRIEF:**  Leo M. Bearman, Jr., BAKER, DONELSON, BEARMAN & CALDWELL, Memphis, Tennessee, Richard Glassman, Richard E. Sorin, GLASSMAN, JETER, EDWARDS & WADE, Memphis, Tennessee, Alfred H. Knight, Alan D. Johnson, WILLIS & KNIGHT, Nashville, Tennessee, for Defendants.  Warner Hodges III, HODGES LAW FIRM, Germantown, Tennessee, for Plaintiffs.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Circuit Judge.  Defendants Roberson and Conwood Company appeal the order of the district court entered after the jury returned a verdict against them for both compensatory and punitive damages on plaintiffs' claims that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Plaintiffs

_____

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

cross-appeal numerous pre-and post-trial orders entered by the district court. Because we conclude, for the reasons that follow, that the district court has not yet entered a final and appealable order in this action, and we therefore lack jurisdiction over this appeal, we will dismiss the appeal.

## I. PROCEDURAL BACKGROUND

Plaintiffs Arthur Anderson and Jerry Hollingsworth filed suit in federal court alleging a violation of the FCRA. The complaint named as defendants The Conwood Company, Edwin S. Roberson, John S. Wilson, and Stephen H. Brown, and was later amended to add James W. Rayner.[1] The complaint alleged that the defendants conspired together to access the plaintiffs' consumer credit histories for the illegitimate purpose of evaluating the plaintiffs' financial ability to defend against a lawsuit being contemplated by the defendants.

Defendant Wilson was dismissed on motion for summary judgment prior to trial, and the case against the remaining defendants came to trial on August 18, 1998. The trial court granted directed verdicts to Defendants Brown and Rayner. The jury returned a verdict against Roberson and the Conwood Company, finding them liable for violating the FCRA, and awarding compensatory damages to each plaintiff in the amount of $2 million and an additional $3.5 million total award in punitive damages.

The defendants filed a post-trial motion for a judgment notwithstanding the verdict or, alternatively, for a new trial or remittitur. By order entered on February 1, 1999, the district court denied the defendants' motion for judgment as a matter of law or for a new trial but granted the motion for remittitur,

---

[1] It appears from the district court's docket that the plaintiffs' motion to amend the complaint was initially granted as to David Cocke as well; after the case was transferred to a new judge, a pending motion to reconsider that order was granted and Cocke was removed as a defendant.

reducing to $50,000 for each plaintiff—the amount pled in the complaint—the award of compensatory damages and eliminating the entire punitive damages award.

Defendant Roberson filed a Rule 60(b) motion to correct and/or clarify the first remittitur order. *See* FED. R. CIV. P. 60(b). The district court granted the motion on February 25, 1999, and on March 1, 1999, entered an order stating that the remittitur order included both defendants and that the defendants would be granted a new trial if the plaintiffs rejected the order of remittitur.

Defendants Conwood Company and Roberson filed a notice of appeal on March 1, 1999; the notice purported to appeal from the Order and Final Judgment on Jury Verdict entered on August 25, 1998, and from the Order denying Defendants' Motion for Judgment as a Matter of Law and Motion for New Trial, entered on February 1, 1999. On March 2, 1999, Plaintiffs Anderson and Hollingsworth filed notices of appeal from various orders of the district court, including the orders granting judgment as a matter of law to Defendants Brown and Rayner, dismissing Defendant Wilson from the action, denying plaintiffs' motions to add David Cocke as a defendant, granting the defendants' motion for remittitur and correcting the remittitur order. On March 16, 1999, plaintiffs filed a notice in the district court purporting to accept the remittitur "under protest" and to preserve their appeal rights. On March 31, 1999, the plaintiffs filed a notice whereby they attempted to withdraw their acceptance of remittitur.

In the meantime, defendants filed in this Court a motion to dismiss on the grounds that an order of remittitur is not a final appealable judgment and, further, that the plaintiffs' acceptance of the remittitur was analogous to a settlement agreement that ends the litigation. We will consider first the jurisdictional and procedural arguments raised by that motion.

appeal and REMAND the case to the district court for further proceedings consistent with this opinion.

## II. ANALYSIS

Before we can reach the merits of this appeal, we must first consider whether we have jurisdiction over it. Because we conclude that we do not, and that this appeal must be dismissed on purely jurisdictional grounds to which the facts underlying the action are wholly immaterial, we will dispense with a recitation of those facts.

As we have heretofore detailed, after the district court entered judgment on the jury's verdict, the court granted the defendants' motion for remittitur or new trial. The last order of record from the district court was entered on March 1, 1999. That order corrected the district court's earlier remittitur order and gave the plaintiffs a choice between accepting the remittitur (reducing the total $7.5 million compensatory and punitive damages award to $50,000 for each of them) or proceeding with a new trial. While this circuit has not directly addressed the question of whether an order such as this is a final order, other circuits have considered the question and concluded that "If the choice [of remittitur or new trial] is properly put to the plaintiff, the matter, under the direction and control of the district court, remains open in the district court until he elects one of his options. The decision offering remittitur or a new trial is incomplete, interlocutory, and not appealable." *Higgins v. Smith Int'l, Inc.*, 716 F.2d 278, 281 (5th Cir. 1983) (disavowed on other grounds by *Overman v. Fluor Constructors, Inc.*, 797 F.2d 217 (5th Cir. 1986)); *see also Eaton v. National Steel Products Co.,* 624 F.2d 863 (9th Cir. 1980); *Evans v. Calmar S.S. Co.*, 534 F.2d 519 (2d Cir. 1976). We think that those courts are correct, and we hold today that a district court order giving the plaintiff a choice between remittitur or a new trial is not a final, appealable order. Therefore, the parties' notices of appeal—all filed before the plaintiffs responded to the district court's order of March 1st—were premature.

On appeal, the defendant challenged Hill's ability to appeal the remittitur citing *Donovan v. Penn Shipping*, 429 U.S. 648 (1977), and its progeny. We rejected the defendant's argument, however, saying:

Although [the defendant] may well be correct, the cases he cites are simply not applicable to the instant case, because we conclude that the district court's action constituted a judgment notwithstanding the verdict, not a remittitur, and as Hill urges, we will review it as such.

*Hill*, 962 F.2d at 1217. We reversed the district court's decision to set aside the punitive damages award in its entirety and remanded to allow the district court to determine the amount of punitive damages reasonably supported by the evidence. *See id.*

This case must be distinguished from *Hill*. Here, in a single order, the district court remitted part of the compensatory and all of the punitive damage awards. As we have already explained, an order remitting part of an award of damages or, if the remittitur is not accepted, granting defendants a new trial, is not an appealable order. While we have not yet spoken on the question of whether the compensatory and punitive aspects of an award of damages are severable for purposes of appeal, other circuits to consider the question have concluded that they are not severable. *See, e.g., Lanier v. Sallas*, 777 F.2d 321 (5th Cir. 1985); *Fidelcor Mortgage v. Ins. Co. of North Am.*, 820 F.2d 367, 370 (11th Cir. 1987); *Utah Foam Products v. UpJohn Co.*, 154 F.3d 1212 (10th Cir. 1998). We agree with our sister circuits on this point. Clearly, any award of punitive damages is dependent on the liability verdict, which, if the remittitur of the compensatory damages is not accepted, will be vacated and the issue retried.

### III. CONCLUSION

Accordingly, because the district court's order of March 1, 1999, is not a final, appealable order, we DISMISS this

The defendants argue, however, that at this point plaintiffs have accepted the remittitur order and that acceptance is binding upon the plaintiffs. The district court docket reflects that shortly after filing their notice of appeal, the plaintiffs filed a notice that purported to accept the remittitur "under protest," and to reserve all of their appeal rights.[2] However, to further confuse the matter, 15 days after their "acceptance under protest" of the remittitur, the plaintiffs filed a notice in the district court purporting to withdraw that acceptance on the grounds that the acceptance was a nullity because it was filed after the filing of the notices of appeal. At oral argument before this court, plaintiffs once again reversed their position: their counsel represented that he was authorized by his clients to accept—and that he was in fact accepting—the remittitur on the compensatory damages only. Apparently believing that this action would confer jurisdiction upon this court, plaintiffs' counsel argued that plaintiffs were proceeding with the appeal solely as to the district court's reduction of the punitive damages to zero.

Both plaintiffs and defendants have missed the point. Once the district court entered its order giving the plaintiffs the choice between accepting the remittitur or having a new trial, there was no final order from which the parties could appeal. The parties appear to believe that the plaintiffs' action—either accepting or rejecting the remittitur—ends the district court's jurisdiction and opens the door for the case to proceed on

---

[2]Plaintiffs' attempt to accept the remittitur under protest is plainly inappropriate. In 1977, the United States Supreme Court rejected this tactic in *Donovan v. Penn Shipping Co., Inc.*, 429 U.S. 648 (1977), holding that "a plaintiff cannot 'protest' a remittitur he has accepted in an attempt to open it to challenge on appeal." *Id.* at 649. The Court went on to emphasize that "[a] line of decisions stretching back to 1889 has firmly established that a plaintiff cannot appeal the propriety of a remittitur order to which he has agreed. *Id.* Once a plaintiff has accepted a remittitur order, he cannot appeal it. *See id.* at 650; *see also* WRIGHT & MILLER, §3915.5 (citing numerous cases for the proposition, "The rule that a plaintiff cannot accept the remittitur, even under protest, and then appeal the remittitur is nonetheless well entrenched.").

appeal. The parties are mistaken. Except for those well-defined occasions when we have jurisdiction over an interlocutory appeal, *see* 28 U.S.C. § 1292(a) and (b); *see also Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949) (holding that courts of appeal may review interlocutory orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"), we do not have jurisdiction over an appeal until the district court issues a final, appealable order. *See* 28 U.S.C. §1291. This case does not fall within the provisions of 28 U.S.C. § 1292 (a) or (b) or the confines of the *Cohen* collateral order doctrine. Until the district court either enters a final order based upon the plaintiffs' election to accept the remittitur, or proceeds to judgment after a new trial, there is nothing for this court to review.

Citing *Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992), plaintiffs argue that because the district court's March 1st order completely eliminated the punitive damage award, it is not a remittitur order, but rather is an order for judgment notwithstanding the verdict, which is final and appealable. In *Hill*, a prison inmate brought a civil rights action against prison officials alleging that they had acted to deprive him of necessary medical treatment in violation of the Eighth Amendment. The first trial resulted in a defense verdict that was reversed on appeal by this court. Hill's second trial resulted in an unanimous jury verdict in his favor; he was awarded $95,000 in compensatory damages and $900,000 in punitive damages. The district court conditionally granted the defendant's motion for a new trial unless Hill agreed to remit the entire punitive damages award. Hill agreed to the remittitur, but reserved his right to appeal. The defendant appealed the finding of liability under §1983, and Hill cross-appealed the remittitur of his punitive damage award.